360 So.2d 436 (1978)
Willie Mae McCARTY, Appellant,
v.
DADE DIVISION OF AMERICAN HOSPITAL SUPPLY, Appellee.
DADE DIVISION OF AMERICAN HOSPITAL SUPPLY, Appellant,
v.
G & A BUILDING MAINTENANCE et al., Appellees.
Nos. 76-2371, 76-2372.
District Court of Appeal of Florida, Third District.
June 20, 1978.
Rehearing Denied July 28, 1978.
*437 Freidin & Goldfarb, Miami, for McCarty.
Thornton, Conroy & Herndon, Miami, for Dade Division.
Pyszka, Kessler, Adams & Solomon, Richard M. Gale, Miami, for G & A and Cosmopolitan.
Before PEARSON, HUBBART and KEHOE, JJ.
HUBBART, Judge.
This is a negligence action in which summary judgment was entered for the defendant as well as the third party defendant on a corresponding indemnity claim. The plaintiff and the defendant as third party plaintiff both appeal.
This case presents two central questions which merit discussion: (1) whether a company, who employs an independent contractor to perform janitorial services on the company's business premises, owes a duty to an employee of the independent contractor to warn of, or to use ordinary care to furnish protection against those conditions on the premises which by contract the company has hired the independent contractor to correct; and (2) whether such company may invoke the parol evidence rule to exclude evidence which varies or contradicts the terms of its contract with the independent contractor on a motion for summary judgment in a negligence action brought against the company by an employee of the independent contractor. We hold that the company owes no duty to give such warning or to use such ordinary care under the above-stated circumstances; we further hold that the company may invoke the parol evidence rule on a motion for summary judgment in such a negligence action. Accordingly, we affirm.
The controlling facts in the case are undisputed. On July 25, 1973, the defendant Dade Division of American Hospital Supply Corp. entered into a contract with the third party defendant G & A Building Maintenance, Inc. wherein the latter agreed to provide janitorial services at the defendant American Hospital's business premises. The contract unambiguously provided for *438 janitorial services "for all areas" on the aforesaid business premises excluding only warehouses, mechanical and electrical equipment rooms and sterile rooms.
On December 28, 1973, the plaintiff Willie Mae McCarty, while employed as a cleaning lady for the third party defendant G & A Building Maintenance in cleaning the defendant American Hospital's business premises, slipped and fell on a patch of clear, greasy substance on the floor in one of the second floor hallways of the defendant American Hospital's business premises. Although this particular hallway was required to be cleaned by the terms of the contract between the defendant and third party defendant, the plaintiff employee submitted certain deposition testimony to the effect that it was the defendant American Hospital's responsibility to clean this particular hallway and that the plaintiff had never cleaned such hallway. This evidence in turn was contradicted by other parol evidence offered by the defendant American Hospital.
The plaintiff brought a negligence action against the defendant American Hospital who in turn filed a third party complaint against the third party defendant G & A Building Maintenance and its insurer Cosmopolitan Mutual Insurance Company claiming a right of indemnity. Based on the above-stated facts, the trial court entered a summary judgment for the defendant American Hospital on the main claim and a summary judgment for the third party defendant G & A Building Maintenance on the indemnity claim. The plaintiff appeals; the defendant American Hospital as third party plaintiff also appeals.
The law is clear that a person, who is having work done on his premises by an independent contractor and has actual or constructive knowledge of latent or potential dangers on the premises, owes a duty to give warning of, or use ordinary care to furnish protection against such dangers to an employee of the independent contractor who is without actual or constructive notice of the dangers. It is obvious, however, that where such employee is injured as a proximate result of conditions and defects which his employer, the independent contractor, is engaged to correct, liability cannot be predicated on such unsafe conditions because the employee has actual or constructive notice of such conditions. Florida Power & Light Co. v. Robinson, 68 So.2d 406, 410-11 (Fla. 1953); Tillery v. Standard Sand & Silica Co., 226 So.2d 842, 845 (Fla. 2d DCA 1969); Whitlow v. Seaboard Air Line Railroad Co., 222 F.2d 57, 59 (4th Cir.1955).
The parol evidence rule which bars the admissibility of any evidence designed to vary or contradict the terms of an unambiguous contract may be invoked by any party to such contract or their privies, but cannot be invoked by a stranger to such contract. Palmer v. R.S. Evans Jacksonville, Inc., 81 So.2d 635 (Fla. 1955); J.N. Roof v. Chattanooga Woodsplit Pulley Co., 36 Fla. 284, 18 So. 597 (1895); Bessemer Properties, Inc. v. Barber, 105 So.2d 895 (Fla. 2d DCA 1958); 3 Corbin on Contracts 572-578 (1960). And on a motion for summary judgment, the trial court cannot consider evidence which is inadmissible under the parol evidence rule. Evans v. Borkowski, 139 So.2d 472 (Fla. 1st DCA 1962).
Measured by these standards, it is clear that the summary judgment entered in favor of the defendant American Hospital was eminently correct. American Hospital obviously had no duty to warn the plaintiff of, or to use ordinary care to protect the plaintiff against the dangers caused by conditions which her employer G & A Building Maintenance was hired to correct. The plaintiff herein slipped on a patch of greasy substance in a hallway which American Hospital had hired G & A Building Maintenance to clean up. The plaintiff's injuries sustained from such condition do not therefore arise from a breach of any duty on the part of the defendant American Hospital to warn of or to protect the plaintiff against such dangers because the plaintiff had actual or constructive notice of such conditions and dangers by virtue of her employment as a cleaning lady.
*439 Under the unambiguous provisions of the contract between the defendant American Hospital and the third party defendant G & A Building Maintenance, the latter was required to clean the hallway in which the plaintiff slipped and fell. Defendant American Hospital as a party to this contract may invoke the parol evidence rule to exclude testimony offered by the plaintiff to vary or contradict the terms of this contract. Summary judgment was therefore properly entered without considering such evidence as it was inadmissible under the parol evidence rule.
In view of the result reached on the appeal with reference to the main claim, it is clear that the summary judgment entered in favor of the third party defendant G & A Building Maintenance on the indemnity claim was also correct. The judgments appealed from are accordingly affirmed.
Affirmed.
KEHOE, Judge (dissenting).
I would reverse on the ground that the summary judgment was improperly granted because the parol evidence rule was incorrectly applied to exclude oral testimony which would have created a material question in regard to the duty of appellee Dade Division of American Hospital Supply to notify appellant of the unsafe condition causing her injuries. See, e.g., Wilson v. McClenny, 32 Fla. 363, 13 So. 873 (1895); H.I. Resorts, Inc. v. Touchton, 337 So.2d 854 (Fla. 2d DCA 1976); and Larnel Builders, Inc. v. Nicholas, 123 So.2d 284 (Fla. 3d DCA 1960).