380 So.2d 1192 (1980)
Ruby PITTMAN, Appellant,
v.
VOLUSIA COUNTY et al., Appellees.
No. NN-186/T1-62.
District Court of Appeal of Florida, Fifth District.
March 12, 1980.
*1193 Daniel J. Roberson, of Roberson & Roberson, DeLand, for appellant.
Robert K. Rouse, Jr., of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for appellees.
COBB, Judge.
This case requires a determination of the nature and extent of the duty owed to an invitee by an occupier of premises; in particular, whether or not that duty is ever greater than the mere duty to warn of dangers unknown to the invitee.
In the instant case, the plaintiff stepped in, and slipped upon, a foreign substance (which appeared to be vomit) on the steps of a public building owned and operated by the defendant, Volusia County. From the evidence adduced at trial, the plaintiff had actual knowledge of the presence of the substance; the defendant was chargeable with no more than constructive knowledge of the condition.
A property owner or occupier owes two duties to an invitee: "he must keep his property reasonably safe and protect the visitor from dangers of which he is, or should be aware." Post v. Lunney, 261 So.2d 146, 147 (Fla. 1972). In Maldonado v. Jack M. Berry Grove Corp., 351 So.2d 967, 969-970 (Fla. 1977), the dual nature of a landowner's or occupier's duties to an invitee was more clearly expressed in dictum by Justice Sundburg in a dissent in which Justices England and Overton concurred:
In Florida, a landowner owes two duties to a business invitee: (1) to use reasonable care in maintaining the premises in a reasonably safe condition; and (2) to give the invitee warning of concealed perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care. Id., quoting Warren v. Hudson Pulp & Paper Corp., 477 F.2d 229, 233 (2d Cir.1973).
The defendant, at the conclusion of the plaintiff's case, convinced the trial court that it was entitled to a directed verdict on the basis of the obvious danger principle set forth in Vermont Mutual Ins. Co. v. Conway, 358 So.2d 123 (Fla.1st DCA 1978) that a duty to warn does not arise if the invitee has knowledge of the danger equal or superior to that of the occupier. We agree with that statement of the law in Vermont Mutual. But we do not agree that it is dispositive of the instant case. The fallacy is in the premise that the discharge of the occupier's duty to warn by the plaintiff's actual knowledge necessarily discharges the duty to maintain the premises in a reasonably safe condition by correcting dangers of which the occupier has actual or constructive knowledge.[1] To extend the obvious danger doctrine to bar a plaintiff from recovery by negating a landowner's or occupier's duty to invitees to maintain his premises *1194 in a reasonably safe condition would be inconsistent with the philosophy of Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), that liability should be apportioned according to fault.[2]
The issue with which we are confronted was addressed by the Second District Court of Appeal in Heath v. First Baptist Church, 341 So.2d 265 (Fla.2d DCA 1977), cert. denied, 348 So.2d 946 (Fla. 1977). The plaintiff therein tripped over a rise in the floor, which she admittedly had tripped over three or four times in the past. In reversing a summary judgment for the defense, the appellate court discussed the dual duties of a landowner:
Aside from the question of assumption of risk, there remains the question of whether an occupier of land can ever owe a duty greater than the mere duty to warn of defects unknown to the plaintiff. If there is no such duty, then assumption of risk becomes irrelevant.
The general duty of a landowner to an invitee has been described by this court as: `the duty to use ordinary care in keeping the premises in a reasonably safe condition, and to give timely notice of latent or concealed perils which are known or should be known to the owner, but which are not known to the plaintiff.' (emphasis supplied in original.)

Waterman v. Graham, 228 So.2d 925 (Fla.2d DCA 1969); see also Standard Jury Instruction 3.5(f). We think this statement of the rule suggests that in some circumstances the duty may extend beyond mere warning.
3. In discussing this issue, Prosser writes:
`Likewise, in the usual case, there is no obligation to protect the invitee against dangers which are known to him, or which are so obvious and apparent to him that he may reasonably be expected to discover them. Against such conditions it may normally be expected that the visitor will protect himself. It is for this reason that it is so frequently held that reasonable care requires nothing more than a warning of the danger. But this is certainly not a fixed rule, and all of the circumstances must be taken into account. In any case where the occupier, as a reasonable man, should anticipate an unreasonable risk of harm to the invitee notwithstanding his knowledge, warning, or the obvious nature of the condition, something more in the way of precautions may be required. This is true, for example, where there is reason to expect that the invitee's attention will be distracted, as by goods on display, or that after lapse of time he may forget the existence of the condition, even though he has discovered it or been warned; or where the condition is one which would not reasonably be expected, and for some reason, such as an arm full of bundles, it may be anticipated that the visitor will not be looking for it. It is true also where the condition is one such as icy steps, which cannot be negotiated with reasonable safety even though the invitee is fully aware of it, and because the premises are held open to him for his use, it is to be expected that he will nevertheless proceed to encounter it. In all such cases the jury may be permitted to find that obviousness, warning or even knowledge is not enough.'
W. Prosser; Law of Torts 394-95 (4th Ed. 1971).
Likewise, in 2d Restatement of Torts, § 343A, it is said:
`Known or obvious dangers

*1195 (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.'
Heath v. First Baptist Church, supra at 267. See also Dawson v. Payless, for Drugs, 248 Or. 334, 433 P.2d 1019 (Or. 1967); 35 A.L.R.3d 222 (1971).
The Vermont Mutual case, which apparently weighed heavily in the granting of the directed verdict, is distinguishable. In that case, the defendant homeowner had hosed down a paved driveway. The plaintiff housepainter placed his ladder on the wet surface, knowing it was wet, just before he fell. The appellate court, in reversing the denial of a directed verdict for the homeowner, stated that her knowledge was no greater than that of the housepainter. As we see it, the defendant in that case was not chargeable with any knowledge, actual or constructive, of a danger. It was not foreseeable that the housepainter would place his ladder on the wet driveway and fall  hence she was under no duty to warn or to correct a danger. The wet driveway was not a danger, as such. There was no way for her to have foreseen any danger or to correct it. In the instant case, there were facts from which a jury could conclude that there was a duty occasioned by foreseeability that someone would fall on the slippery steps and there was a reasonable opportunity to have corrected this danger before the fall occurred.
Here, it is clear that the plaintiff was negligent. But was there any negligence  i.e., any breach of a duty causally related to the plaintiff's injury  by the defendant which a jury should have been allowed to consider for comparative purposes? In order to say no, it is necessary to say, as a matter of law, that defendant's allowing a large puddle of vomit to remain for approximately six hours on steps used by the public was causally unrelated to the plaintiff's fall at the later time. That is not the law under the doctrine of comparative negligence. Hoffman v. Jones, supra.[3] The trial court erred in directing a verdict. See Hernandez v. Motrico, Inc., 370 So.2d 836, 837 (Fla.3d DCA 1979); Petroleum Carrier Corp. v. Gates, 330 So.2d 751, 752 (Fla.1st DCA 1976); Budgen v. Brady, 103 So.2d 672, 674 (Fla.1st DCA 1958) cert. denied, 105 So.2d 793 (Fla. 1958).
Accordingly, the judgment for the defendant is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
UPCHURCH and SHARP, JJ., concur.
NOTES
[1] Incomplete or abbreviated appellate court statements of the rules of landowner or occupier liability are one source of confusion, such as the following juxtaposition of the two duties with a circumstance negating only the duty to warn:

Liability for negligence in failing to maintain premises in a reasonably safe condition, or in failing to warn of existing dangers, must be predicated on the occupier's superior knowledge or means of obtaining knowledge concerning the danger. Winn-Dixie Montgomery Inc. v. Peterson, 291 So.2d 666, 668 (Fla.1st DCA 1974).
[2] For instance, it is clear at this point in time in Florida that implied assumption of the risk is no longer a complete bar to recovery. Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977); aff'g., Rea v. Leadership Housing, Inc., 312 So.2d 818 (Fla.4th DCA 1975). In addition, obviousness of a hazard is no longer an exception to liability on the part of a manufacturer, but is only a factor to be considered when applying principles of comparative negligence. Auburn Machine Works Co., Inc. v. Jones, 366 So.2d 1167 (Fla. 1979); Ford v. Highlands Ins. Co., 369 So.2d 77 (Fla.1st DCA 1979); Blaw-Knox Food & Chemical Equip. Corp. v. Holmes, 348 So.2d 604 (Fla.4th DCA 1977), cert. denied, 351 So.2d 405 (Fla. 1977).
[3] "A plaintiff is barred from recovering damages for loss or injury caused by the negligence of another only when the plaintiff's negligence is the sole legal cause of the damage, or the negligence of the plaintiff and some other person or persons other than the defendant or defendants was the sole legal cause of the damage." Hoffman v. Jones, supra at 438.