382 So.2d 730 (1980)
Grace Evelyn SQUITIERI and Paul T. Squitieri, Her Husband, Appellant,
v.
AETNA CASUALTY & SURETY COMPANY, etc., et al., Appellee.
No. 00-486/T1-149.
District Court of Appeal of Florida, Fifth District.
March 19, 1980.
Rehearing Denied April 29, 1980.
*731 Karl O. Koepke and Gary E. Doane, Orlando, for appellant.
Noah C. McKinnon, Jr., of Coble, McKinnon, Rothert, Bohner, Barkin & Godbee, P.A., Daytona Beach, for appellees, Dipo and Renu Sani.
No appearance for appellee, Aetna Cas. & Sur. Co.
DAUKSCH, Chief Judge.
In this appeal from a summary final judgment appellant has demonstrated there were genuine issues of material fact which were decided by the trial judge when he entered the judgment. If a trial judge determines the evidence to be insufficient to support a verdict, the appellee is entitled to a directed verdict or a judgment n.o.v. However, this determination cannot be made by summary judgment, where all questions of fact must be resolved in favor of the non-moving party. Should a genuine issue of material fact be extant, the summary judgment must be denied. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
The issues the plaintiff raises here concern her injury as a result of the alleged negligence of the individual defendants. She says she was injured when a sheet of glass resting atop a bed headboard fell as she was performing her duties as a maid in removing dust from the area. The individual defendants have answered by saying they did not breach their duty of care as business inviters; that their knowledge of a latent defect was less than the plaintiff's knowledge; and have implied that the plaintiff "assumed the risk" or was one hundred percent comparatively negligent. All of this may be true, and even more, but a summary judgment hearing is not when those things are decided. The scores of cases following Holl can be cited as authority for the proposition that summary judgments are rarely upheld in personal injury cases because the nature of those cases involve disputes of fact almost invariably. While we see few summary judgments awarded in personal injury cases we find many properly entered in other areas of the law such as mortgage foreclosures, suits on notes or contracts and other cases founded upon written instruments where there are no genuine disputes over material issues of fact.
The summary judgment is reversed and this cause remanded for further proceedings.
REVERSED AND REMANDED.
UPCHURCH, J., concurs.
CROSS, J., concurs only in conclusion.