385 So.2d 190 (1980)
Delois JACKSON, Appellant,
v.
Marjorie WILLIAMS and Commercial Union Insurance Company, Appellees.
No. 79-752/T4-482.
District Court of Appeal of Florida, Fifth District.
July 9, 1980.
*191 Kenneth R. Cate, Orlando, for appellant.
Ronald S. Webster, Orlando, for appellees.
FRANK D. UPCHURCH, Judge.
Appellant, Delois Jackson, who was the plaintiff below, appeals from a final summary judgment entered in the Circuit Court for Orange County in favor of appellees, Marjorie Williams and Commercial Union Insurance Company.
Mrs. Jackson had resided in the home of her sister, Marjorie Williams, approximately nine months of each year for the past four years. She was injured in an explosion when she lifted the lid on the washing machine located in a small unventilated room in which Mrs. Williams stored a lawnmower and a can of gasoline. In her complaint for negligence, she alleged that Mrs. Williams had approximately caused her injuries by allowing gasoline vapors to accumulate, failing to warn of the danger and failing to repair a dangerous washing machine. Mrs. Jackson testified she was aware of the gasoline can, but she had detected no odor of gasoline. She admitted that the can had been in the same place for the past four years. Mrs. Williams, on the other hand, admitted that she was aware of the danger in storing gasoline in this manner.
The question presented by this appeal is whether the court erred in granting summary judgment.
The Supreme Court in Wood v. Camp, 284 So.2d 691 (Fla. 1973), eliminated the distinction between commercial (business or public) visitors and social guests. Therefore, Mrs. Jackson, as a guest by invitation, is included within the category of "invitee." As discussed by this court in Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980), a property owner or occupier owes two duties to an invitee: "He must keep his property reasonably safe and protect the visitor from dangers of which he is, or should be aware." Id. at 1193, citing Post v. Lunney, 261 So.2d 146 (Fla. 1972). The reasoning of Pittman is equally applicable here.
Mrs. Williams owed a duty to keep her property reasonably safe and to protect visitors from dangers of which she was or should have been aware. Whether she breached this duty is an issue for the jury to determine. Other issues to be submitted *192 to the jury include whether the explosion was the result of the presence of the gasoline can in the laundry room and whether Mrs. Jackson was aware of the danger. Thus, the lower court erred in entering summary judgment.
Accordingly, the judgment is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH, C.J., and ORFINGER, J., concur.