FRANK D. UPCHURCH, Jr., Judge.
Appellant Angel I. Ayala, an employee of an air conditioning service company, appeals a summary judgment denying him recovery for injuries received while repairing appellee J. M. Fields’ air conditioning equipment.
The point raised by appellant is whether the trial court erred in entering summary judgment in favor of appellee. We affirm.
Appellee’s air conditioning system was antiquated and beyond hope of repair. Pri- or to the accident, appellant had told the store managers that the equipment needed a complete overhaul or replacement. In the month prior to the accident, the fire department had to be called to the store five times; this was not because of fire, but because a vapor discharging from the air ducts looked like smoke.
On the day of the accident, appellant responded to a service order and attempted to braze up a hole in a leaking oil line. He bled the pressure in the system, but apparently there was a leak in a valve which permitted freon gas to back up, mix with oil, and spray out on appellant. The oil ignited from appellant’s torch and he suffered severe burns.
Appellant contends that this matter is controlled by Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980), and that the question of negligence was for the jury. Appellee, as the party moving for summary judgment, was required to show that there was no issue as to any material fact and that it was entitled to judgment as a matter of law. Wills v. Sears Roebuck & Co., 351 So.2d 29 (Fla.1977).
In Pittman, this court said that generally a property owner owes two duties to an invitee: “He must keep his property reasonably safe and protect the visitor from dangers of which he is or should be aware.” Pittman at 1193.
In the context of a landowner’s duty to employees of an independent contractor, the principle has been applied as follows:
[Wjhere such employee.is injured as a proximate result of conditions and defects which his employer, the independent contractor, is engaged to correct, liability cannot be predicated on such unsafe conditions because the employee has actual or constructive notice of such conditions.
McCarty v. Dade Div. of American Hospital, 360 So.2d 436, 438 (Fla. 3d DCA 1978). Does this distinction change the result here? We think not. While it is true that appellant warned appellee that its equipment was worn out and dangerous, he candidly admitted in his deposition that he was not concerned about the danger from his welding so much as having to work in a confined area without a helper. Appellant’s knowledge of the condition of appellee’s equipment was clearly superior to that of appel-lee. His decision to work on the equipment was with complete familiarity and knowledge of its condition. In determining the method of servicing the equipment, he did not rely to any extent on appellee’s duty to him. Appellee, by calling on appellant’s employer to repair the equipment was fulfilling its duty, imposed by law, to maintain its property in a reasonably safe condition. Pittman v. Volusia County.
Appellant has cited this court’s opinion in Squitieri v. Aetna Casualty & Surety Co., 382 So.2d 730 (Fla. 5th DCA 1980), as authority for his position that summary judgment was improperly entered in the instant case. In Squitieri, however, there was an *168 issue as to whether plaintiffs knowledge of a latent defect was less than the defendant’s. That issue is not present in the case before us.
AFFIRMED.
ORFINGER and COWART, JJ., concur.