400 So.2d 1289 (1981)
Darlene S. OTEY, Jack T. Keltner and Debra B. Keltner, His Wife, Appellants/Cross-Appellees,
v.
FLORIDA POWER & LIGHT COMPANY and Canaveral Port Authority, Appellees/Cross-Appellants.
No. 80-537.
District Court of Appeal of Florida, Fifth District.
July 1, 1981.
Rehearing Denied July 24, 1981.
*1290 Charles T. Wells of Wells, Gattis & Hallowes, P.A., Orlando, for appellant/cross-appellee Otey.
Richard W. Bates, P.A., Orlando, for appellants/cross-appellees Keltner.
Palmer W. Collins, Melbourne, for appellee/cross-appellant Florida Power & Light Co.
James O. Driscoll of Driscoll, Langston, Layton & Kane, P.A., Orlando, for appellee/cross-appellant Canaveral Port Authority.
DAUKSCH, Chief Judge.
This is an appeal in a personal injury case.
Plaintiffs were out sailing at Port Canaveral and upon their return to the boat ramp they pulled the boat from the water through a parking lot, across a highway and into a parking area. They had left the mast of the boat up because the ramp was busy and they did not want to delay the other boaters. Upon reaching the parking area the mast came in contact with unprotected electric wires owned by Florida Power and Light Company which spanned the parking area owned by Canaveral Port Authority (the Authority). A lawsuit charging both Florida Power and Light Company and the Authority with negligence was filed and damages were sought for the death of one person and the injury of two others. The trial court granted the Authority a directed verdict on all issues and Florida Power and Light Company a directed verdict on the issue of punitive damages.
The principal questions on appeal are whether there was sufficient evidence of negligence to permit a verdict against the Authority and whether there was sufficient evidence to support a verdict for punitive damages against Florida Power and Light. We shall discuss these two questions separately keeping in mind that the standard to be used in deciding a directed verdict requires the court to view the evidence in a light most favorable to the non-moving party, the plaintiffs in this case. National Car Rental Systems v. Bruce A. Ryals Enterprises, 380 So.2d 529 (Fla. 5th DCA 1980); Forshee v. Peninsular Life Ins. Co., 370 So.2d 842 (Fla. 3d DCA 1979); Mathis v. Lambert, 274 So.2d 601 (Fla. 3d DCA 1973).

CANAVERAL PORT AUTHORITY
This defendant owned and had under its control the real property over which the power line was stretched. The duty of a property owner is to "keep his property reasonably safe and protect the visitor from *1291 dangers of which he is, or should be aware." Pittman v. Volusia County, 380 So.2d 1192, 1193 (Fla. 5th DCA 1980). See also Jackson v. Williams, 385 So.2d 190 (Fla. 5th DCA 1980). But the property owner is only responsible for those portions over which he has control. Quinnelly v. Southern Maid Syrup Company, 164 So.2d 240 (Fla. 2d DCA 1964). The evidence as to the power lines was essentially that Florida Power and Light constructed, owned and maintained them and that they stretched across the Authority's land. Who had complete control over the lines was open to question, at least to some extent, because there was evidence the Authority and Florida Power and Light were in negotiations as to how to better place the lines. Florida Power and Light wanted to move them to a different location and the Authority wanted them buried. Evidently the Authority knew of a danger presented by the lines because it placed a sign (which had fallen down) to warn of the power line. In support of plaintiffs' position, there was evidence the Authority was advised by its engineers to remove the safety hazard created by the power lines or at least to barricade the immediate area. It chose to erect the sign which later fell down.
In Maldonado v. Jack M. Berry Grove Corp., 351 So.2d 967 (Fla. 1977), it was held that "In the presence of a known danger, the fact that a dangerous condition was created or partially caused by an independent contractor will not shield an employer/landowner from legal liability, if the employer/landowner was negligent in failing to take sufficient precautions to alleviate the dangerous situation." Id. at 968. From the evidence, we must require a jury to be the proper decision-maker regarding whether the negligence of the Authority caused the injuries. See also Pittman v. Volusia County; Shealor v. Ruud, 221 So.2d 765 (Fla. 4th DCA 1969).

FLORIDA POWER AND LIGHT COMPANY
The jury found Florida Power and Light Company to have been negligent and awarded damages on that account. The trial judge directed a verdict for Florida Power and Light Company on punitive damages and it is for us to decide if there was sufficient evidence to have the jury, rather than the judge decide this question. Just as we discussed as to the Authority, we must view the evidence in a light most favorable to the plaintiffs. Punitive damages may be awarded only if the evidence shows the alleged wrongful act was committed with fraud, actual malice, deliberate violence or oppression, or where the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others. Winn & Lovett Grocery Company v. Archer, 126 Fla. 308, 171 So. 214 (1936); City of Hollywood v. Coley, 258 So. 828 (Fla. 4th DCA 1971). Whether the plaintiffs are entitled to punitive damages must be left to the jury to decide once there is any evidence to show an entitlement to such an award. Even if the court is of the opinion that the preponderance of the evidence is against the plaintiffs, it should be left to the jury to decide. Doral Country Club, Inc. v. Lindgren Plumbing Company, 175 So.2d 570 (Fla. 3d DCA 1965).
This defendant argues that since the jury assessed the negligence only ten percent the fault of Florida Power and Light that it certainly would not have awarded punitive damages. We have no way of knowing that; all we are saying is that it is for the jury to decide, not the judge. The evidence, briefly, was that there were approximately five prior boat-line contacts; the Authority engineer had told Florida Power and Light of the danger; four years passed from the first known contact until this one; Florida Power and Light was requested to barricade the area and to fix the sign. A jury might determine from this evidence that Florida Power and Light was guilty of gross negligence or acted with a wanton disregard of another's rights in failing to protect from a known hazard over which it had control. Therefore, we deem it error to have directed a verdict in this regard.
*1292 There are numerous other errors alleged in this appeal and the cross-appeal which would require us almost to conduct a trial if we were to answer each one. Thus we shall decline to rule on all the evidentiary and jury instruction questions with the hope and confidence a new trial will be the answer. By the same token we do not now decide that the damages as to plaintiff Otey were "grossly inadequate" as alleged by the plaintiffs but do deem it proper to require a complete new trial so as to permit a fresh jury to try and decide all issues properly. None of the undecided issues raised on appeal are law of the case.
REVERSED AND REMANDED.
ORFINGER and COBB, JJ., concur.