ORFINGER, Judge.
The issue on appeal is whether the trial court erred in entering a summary final judgment in favor of appellees in this slip and fall case.
Appellant (plaintiff below) is the mother of appellee Penny McFadden and was staying at the home of her daughter and son-in-law on an extended visit when she slipped and fell on a throw rug placed on a terrazzo tile kitchen floor in the McFadden home. Alleging that the property owners negligently maintained a dangerous condition in their home of which they were or should have been aware, and that they negligently failed to warn her of that dangerous condition of which she was not aware, appellant filed suit for the injuries which she says she suffered as a direct result of the fall.
Appellee supports the summary final judgment by saying that the record is clear that the property owners had no duty to warn appellant of the condition of the premises because their knowledge was not shown to be superior to hers. In Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980), this court pointed out that while the duty to warn does not arise if the knowledge of the invitee is equal to or superior to that of the landowner, the discharge of the duty to warn does not discharge the duty to maintain the premises in a reasonably safe condition by correcting dangers of which the occupier has actual or constructive notice. While the duty to warn may have been discharged, there still remains the discharge of the duty to maintain the premises as an issue to be resolved by a jury. Jackson v. Williams, 385 So.2d 190 (Fla. 5th DCA 1980). See also Squitieri v. Aetna Casualty & Surety Company, 382 So.2d 730 (Fla. 5th DCA 1980).
Appellee asserts also that the family immunity doctrine espoused in Orefice v. Albert, 237 So.2d 142 (Fla.1970) and its progeny also supports the summary judgment, but appellee offers no authority to substantiate that position. Here, the suit is by a mother against her married daughter and the daughter’s husband, both of whom the mother was visiting. The family immunity doctrine has not been extended beyond members of the nuclear[1] family.
The summary final judgment is reversed and the cause is remanded to the trial court for further proceedings consistent herewith.
REVERSED and REMANDED.
DAUKSCH, C. J., concurs.
SHARP, J., dissents without opinion.

. Nuclear family: a self-contained family unit consisting of a mother and father and their children. The American Heritage Dictionary of the English Language (1979).