468 So.2d 552 (1985)
Raymond L. HOLMES, Appellant,
v.
DON MEALEY CHEVROLET, INC., et al., Appellees.
No. 84-1456.
District Court of Appeal of Florida, Fifth District.
May 16, 1985.
*553 Margaret E. Sojourner, of Daze & Sojourner, P.A., Orlando, for appellant.
James M. Talley, of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellees.
ORFINGER, Judge.
The final judgment for defendant in this personal injury action is reversed because we conclude that the trial court erred in granting defendant's motion for directed verdict at the close of the plaintiff's case.
A directed verdict is proper only when the record conclusively shows an absence of facts or inferences from facts to support a jury verdict. Ferber v. Orange Blossom Center, Inc., 388 So.2d 1074 (Fla. 5th DCA 1980). The evidence must be viewed in a light most favorable to the non-moving party to the motion for directed verdict; the plaintiff/appellant here. Otey v. Florida Power and Light Company, 400 So.2d 1289 (Fla. 5th DCA 1981), rev. denied, 412 So.2d 465 (Fla. 1982).
Plaintiff tripped and fell as he entered from defendant's parking lot into defendant's parts department. There was evidence presented that he caught his toe on the unfinished edge of carpet that wrapped over the edge of a step leading into this entrance, but which carpet did not go down the full height of the step riser. There was also testimony that the carpet had been installed by one of defendant's employees, who had been told by his superior to wrap the carpet over the edge of the step but not to bring it all the way down. There was expert testimony presented that installing carpet in this manner was dangerous because it created a potential "trip area."
There was thus sufficient evidence upon which a jury could conclude that the defendant created and maintained a dangerous condition on its business premises thus breaching its duty to maintain its premises in a reasonably safe condition for its invitees, Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980), and that the maintenance of that condition proximately caused or contributed to plaintiff's injury. The case should not have been taken from the jury.
REVERSED and REMANDED for a new trial.
COBB, C.J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
The edge of the carpet in question had been safely glued to the vertical rise of the step for a long period of time before the accident in this case. The trial judge granted a directed verdict because he correctly noted that the plaintiff presented no evidence that the carpet had become unglued and loose and dangerous at any time before the occurrence of this particular accident or that the defendants knew of such a dangerous and existing condition or that such a condition had existed for such a period of time that the jury could reasonably infer that the defendants violated a duty to learn of it. I would, therefore, affirm.