509 So.2d 1282 (1987)
Mabel WILLIAMS, Appellant,
v.
OFFICE OF SECURITY & INTELLIGENCE, INC., Bernard Ferron and Ray Overcash, Appellees.
No. 86-248.
District Court of Appeal of Florida, Third District.
July 14, 1987.
Daniels & Hicks and Patrice A. Talisman, Goldstein Professional Ass'n, Miami, for appellant.
*1283 H. Jack Klingensmith and Nancy J. Cliff, Miami, for appellees.
Before HENDRY, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
This is an appeal from the trial court's entry of a directed verdict in favor of the defendants and an order conditionally granting defendants a new trial should the directed verdict be reversed on appeal. We reverse the judgment and order appealed from and reinstate the jury verdict based upon the following analysis.
Briefly stated, the relevant facts are as follows. On August 18, 1981 plaintiff Mabel Hamilton Williams was attacked and raped by an intruder who broke into her apartment at Westview Terrace Apartments.[1] At the time of the rape, this apartment complex was allegedly being protected and guarded by defendant Office of Security and Intelligence, Inc. (OSI).[2]
A jury found that the negligence of OSI, of defendant Barnard Ferron, its president, and of defendant Ray Overcash, the OSI supervisor at Westview, was a proximate cause of Ms. Williams' injuries and awarded her $800,000 in compensatory damages.
However, while the jury was deliberating, the trial court granted OSI's motion for a directed verdict. The trial court's ruling was based upon the reasoning that "no matter how grossly negligent the evidence showed the defendants to have been, only by sheer coincidence could the defendant's guards have been in the right place to prevent this rape and, therefore, their negligence was not a proximate cause of the plaintiff's injuries."
A directed verdict is proper only when the record conclusively shows an absence of facts or inferences from facts to support a jury verdict, viewing the evidence in a light most favorable to the nonmoving party. Schreidell v. Shoter, 500 So.2d 228 (Fla. 3d DCA 1986); Holmes v. Don Mealey Chevrolet, 468 So.2d 552 (Fla. 5th DCA 1985); Rivera v. Randle Eastern Ambulance Serv., 446 So.2d 200 (Fla. 3d DCA 1984). A motion for a directed verdict should be treated with care, and this is especially true in negligence cases where the role of a jury to weigh and evaluate the evidence is particularly important since reasonable individuals can draw various conclusions from the same evidence. Collins v. School Bd. of Broward County, 471 So.2d 560 (Fla. 4th DCA 1985).
We have carefully reviewed the record, briefs and argument of counsel in accordance with the foregoing principles and conclude that the evidence presented at trial established not only that OSI was negligent, but also that OSI's negligence was a proximate cause of the rape of Ms. Williams.
The guards were hired to patrol the apartment complex premises.
Instead, they slept, watched television, stayed in their apartments, socialized with their girlfriends, and left the premises. Moreover, they also failed to prepare written incident reports or notify the police of the series of rapes occurring at Westview.
In the instant case, Ms. Williams presented testimony that neither her rape nor any other rape would have been attempted if the guards had been performing their duties. See Holley v. Mt. Zion Terrace Apartments, Inc., 382 So.2d 98, 100-101 (Fla. 3d DCA 1980) ("[I]t is peculiarly a jury function to determine what precautions are reasonably required in the exercise of a particular duty of due care").
Ms. Williams also showed that because the guards were negligent in their performance, they encouraged criminals to commit crimes, including rapes, at the apartment complex, rather than deterring such behavior. For their part, the defendants did not *1284 show that the intruder would not have been seen and stopped from entering the apartment if reasonable security had been present or "that the crime would not even have been attempted in the face of the deterrent effect of such protection." Holley, 382 So.2d at 101-102.
Based on the reasons and authorities set forth above, the judgment and order appealed from are reversed with instructions to the trial court to reinstate the jury verdict.
Reversed and remanded with instructions.
NOTES
[1] Evidence presented at trial indicated that another tenant committed the rape.
[2] A review of the record shows that OSI guards negligently carried out their duty to patrol the apartment complex twenty-four hours a day.