ORFINGER, Judge,
dissenting.
I believe that rehearing should be granted for the reasons expressed in my original dissent. The majority has held that Romero was guilty of negligence as a matter of law when he stuffed his untied shoelaces into his boot because he “didn’t want them to get caught on the clutch peddle or get caught in any foreign object around the tractor.” The question of whether a party’s acts are negligent, and if so whether they are a proximate cause of his injury is generally one for the jury unless reasonable men could not differ in their determination of that question. Helman v. Seaboard Coast Line Railroad Company, 349 So.2d 1187 (Fla.1977). See also Holmes v. Don Medley Chevrolet, Inc., 468 So.2d 552 (Fla. 5th DCA 1985); Ferber v. Orange Blossom Center, 388 So.2d 1074 (Fla. 5th DCA 1980). There was no testimony to indicate that Romero was not looking where he was going while he tucked his laces in, or that he was operating the tractor negligently, and he testified that he had one hand on the wheel while he tucked in his laces. Based on the testimony presented, it seems to me that reasonable men could differ as to whether Romero was negligent, and as to whether such negligence, if it existed, was a contributing cause of his injury, so that a jury question was presented, the result of which we should not disturb. I would grant rehearing and affirm.