GUNTHER, Judge,
dissenting.
I respectfully dissent. In my view, the summary judgment entered in favor of Florida Federal Savings and Loan Association (Association) should be reversed.
Catherine Ackerman (Ackerman) sued the Association for injuries she sustained when she tripped over a parking bumper in the bank’s parking lot. Ackerman, after transacting business in the bank, was returning to her car when she tripped over the parking bumper that was in front of the space in which her car was parked.
I agree with the majority that as a matter of law, the Association had no duty to warn the plaintiff of the parking bumper’s existence. Since the bumper was off-white or gray in color, it was readily distinguishable from the black asphalt surface and was therefore not a concealed peril. However, since the particular bumper that Ack-erman tripped over may have been placed in an unusual position, genuine issues of material fact remain as to whether the Association breached its duty to maintain the bumper in a reasonably safe condition.
The test for determining whether the Association maintained the lot in a reasonably safe condition is whether the invitee could reasonably expect to find a bumper in this condition. See, e.g., Evans v. Hartford, 303 So.2d 682 (Fla. 4th DCA 1974)., Photographs in the record demonstrate that the overall design of this lot was one that an invitee could reasonably expect to *688 find since the other bumpers were placed at the front of the parking spaces and were centered between the lines which demarcate the spaces. However, the photographs together with deposition testimony indicate that the bumper Ackerman tripped over may have been positioned off center such that it touched the left line defining the parking space in which the plaintiff had parked her car. Thus, in my view, a jury question remains as to whether the plaintiff could “reasonably expect” to find a bumper in this unusual position.
Furthermore, a jury question also remains as to whether the plaintiff was the sole proximate cause of her own injuries. If the placement of this bumper was in any way causally related to the plaintiffs injury, the plaintiff was not the sole proximate cause of her injury. See Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980). In that event, it would be within the province of the jury to determine the comparative negligence of the parties and apportion fault accordingly. Id. at 1195. In my view, a jury question remains on this issue because we cannot say that the placement of this bumper was in no way causally related to the plaintiff’s fall.
Therefore, I would reverse the summary judgment because questions of fact remain as to whether the Association breached its duty to maintain the bumper strips in its parking lot in a reasonably safe condition and as to whether the plaintiff was the sole proximate cause of her own injuries.