QUINCE, Judge.
Jeannene Ball appeals the grant of summary judgment entered in favor of Dean Jimenez. We reverse because there are genuine issues of fact which preclude summary judgment.
Ball was employed as a housekeeper with Sunrunner Apartments. She was responsible for cleaning apartments after the tenants moved out. She was required to clean all the rooms, without discretion as to whether she believed the rooms needed to be cleaned.
Jimenez was an employee of an independent contracting company hired by Sunrun-ner Apartments to replace the vinyl flooring in the kitchen of one of its apartments. When Jimenez completed the work, he poured mineral spirits on the floor to clean it. He left the apartment with the mineral spirits on the floor. Ball, who entered the apartment pursuant to her cleaning duties, fell on the kitchen floor and was injured.
Jimenez argues that summary judgment was appropriate based on the principle set forth in McCarty v. Dade Division of American Hospital Supply, 360 So.2d 436 (Fla. 3d DCA 1978). The court in McCarty held that an employee, who was injured through a condition on the owner’s property which the employee was hired to correct, has no cause of action in tort against the employer/property owner. See also Parrish v. Matthews, 548 So.2d 725 (Fla. 3d DCA 1989); Echazahal v. *704 El Toro Meat Packing Corp., 506 So.2d 1100 (Fla. 3d DCA 1987).
However, the McCarty line of cases is distinguishable from the present case. In this case, the employee is not seeking redress against her employer, the property owner who hired the independent contracting company. Rather, Ball has brought an action against Jimenez, an employee of the independent contractor, for his own negligence.
Because McCarty’s duty analysis addresses the duty owed by property owners to an employee, it is inapplicable to this situation. This case must be governed by ordinary tort principles. Under the tort principles of comparative fault, Ball’s knowledge of the condition and Jimenez’ duty to protect others from the condition are key factors. Heath v. First Baptist Church, 341 So.2d 265 (Fla. 2d DCA 1977), cert. denied, 348 So.2d 946 (Fla.1977). Because these factual issues remain, summary judgment was not appropriate.
The summary judgment is therefore reversed and the cause remanded for further proceedings.
DANAHY, A.C.J., and CAMPBELL, J., concur.