798 So.2d 875 (2001)
Gary GARRICK, Appellant,
v.
PUBLIX SUPER MARKETS, INC., a Florida corporation, and Brinks Incorporated, a foreign corporation, jointly and severally, Appellees.
Eduardo Augusto Pinto De Arruda, individually, Genesio Pinto De Arruda, Jr., individually, and Myrna Cordova Pinto E Pinto De Arruda, individually, Appellants,
v.
Publix Super Markets, Inc., a Florida corporation, Appellee.
Nos. 4D00-244, 4D00-245.
District Court of Appeal of Florida, Fourth District.
November 7, 2001.
*876 Bruce S. Rogow of Bruce S. Rogow, P.A., Fort Lauderdale, Gloria Seidule of Seidule and Webber, P.A., Stuart, and Wilton L. Strickland, P.A., Fort Lauderdale, for appellants.
Frank G. Cibula, Jr. of Law Office of Frank G. Cibula, Jr., West Palm Beach, for Appellee-Publix Super Markets, Inc.
John P. Wiederhold of Wiederhold, Moses & Rubin, P.A., West Palm Beach, and James E. Kellett of King, Pagano & Harrison, New York, NY, for Appellee-Brinks Incorporated.
DELL, J.
In these consolidated appeals, Gary Garrick, and Eduardo Augusto Pinto de Arruda and his parents, plaintiff's below, contend that the trial court erred when it dismissed their second amended complaints (complaints) against Publix Super Markets, Inc. (Publix), and Brinks Incorporated (Brinks) with prejudice.[1] We affirm.
Appellants Gary Garrick and Eduardo Augusto Pinto de Arruda, while employed by appellee Brinks, Inc., a security company, were shot and injured during an armed robbery at a Publix located on Le Chalet Boulevard in Boynton Beach, Florida. Eduardo Augusto Pinto de Arruda and his parents filed a four-count complaint[2] against appellee Publix for premises liability and negligence, and against his employer, Brinks, for alleged conduct amounting to an intentional tort. Gary Garrick filed a three-count complaint asserting essentially the same allegations in support of his cause of action against Publix for premises liability and negligence, and against his employer, Brinks.
*877 The complaints allege that the police had received information from a confidential informant that an armored car robbery was being planned. Initially, the robbery was expected to occur at a Publix in Palm Beach, but the location of the robbery was later changed to a Publix located in Boynton Beach, either at Jog Road or Military Trail and Gateway. The complaints allege that Publix and Brinks had been informed of these tips, but neither took steps to prevent the robbery or offer appellants extra protection; that appellees would not permit appellants to alter their route or pick-up times; and that appellees did not inform them or pass on the confidential informant's tips. The complaint includes an allegation that Brinks issued a notice "warning Brinks employees of a potential Brinks robbery in the South Florida area."
We will first address appellants' arguments that the trial court erred when it dismissed their causes of action against Publix based on premises liability and simple negligence. Appellants alleged that they were business invitees of Publix engaged in inherently dangerous work. They also alleged that Publix had a nondelegable duty of ordinary and reasonable care to protect them from reasonably foreseeable intentional attacks of third parties. They claimed that Publix breached that duty of care and alleged in their complaint, among other things, that Publix failed to warn them of robberies and security problems; failed to agree to a safe time of day for the money transport; refused to alter the time of day for the money transport and required the money transports to be done at the same time; and that Publix created a hidden trap for appellants by having knowledge of the danger, but failed to inform or allow them to take steps to protect themselves from such danger.
We have considered appellants' allegations relating to Publix's alleged breach of its duty of care in the context of all of the allegations contained in the complaint concerning the events leading up to the robbery. Based on that review we conclude, as the trial court did, that although it is alleged that Publix had knowledge of a possible robbery at one of its stores, it did not have specific information about a robbery at this store, or that such a robbery was planned for when it occurred. The complaint also fails to allege facts, that if proved, would establish that Publix had knowledge, superior to that of appellants' employer of the risk that this particular robbery would occur. The information furnished by the confidential informant related to a robbery at two possible locations in Boynton Beach, but not at the store where in fact it occurred. The allegations in the complaint establish that appellants' employer Brinks had the same information that was furnished to Publix. The complaint also contains an allegation that before the robbery occurred, Brinks issued a notice warning its employees of a potential robbery within the South Florida area. In Horton v. Gulf Power Co., 401 So.2d 1384 (Fla. 1st DCA), rev. denied, 411 So.2d 382 (Fla.1981), the court affirmed a summary judgment in favor of the owner of the premises where work was being performed by an independent contractor:
The duty of Gulf Power, as owner of the premises and of the scaffold, was to use reasonable care for the safety of the employees of the independent contractor, by giving notice of a dangerous condition known to the owner but unknown to the independent contractor and its employees. In Florida Power and Light Company v. Robinson, 68 So.2d 406, 411 (Fla.1953), the Florida Supreme Court held that the owner's duty to warn is discharged by notice given to the supervisory personnel of the independent contractor....
*878 Id. at 1385. We conclude that appellants have failed to allege sufficient ultimate facts to state a cause of action based on premises liability.
We also conclude that appellants failed to state a claim in simple negligence against Publix. The allegations of this count are essentially identical to those of the premises liability count, with the additional allegation that Publix actively engaged in or supervised the manner in which appellants performed their money pick-up duties. Appellants alleged that because Publix refused to alter the time of day for money pick-ups, and Publix required the pick-ups to be done at the same time of day, that Publix interfered with and controlled the performance of their duties. These allegations must also be taken in the context of the remaining allegations in the complaint. Here, appellants were employed by Brinks who, by the allegations of the complaint, had contracted with Publix "to provide money transport" and had at least equal knowledge of a possible robbery at a Publix store in Boynton Beach. In St. Lucie Harvesting & Caretaking Corp. v. Cervantes, 639 So.2d 37 (Fla. 4th DCA), rev. denied, 642 So.2d 1362 (Fla.1994), this court stated:
Generally, one who hires an independent contractor is not liable for injuries sustained by employees of the independent contractor. In Conklin v. Cohen, 287 So.2d 56, 60 (Fla.1973), however, our supreme court held that there was an exception to this rule where the owner actively participates "to the extent that he directly influences the manner in which the work is performed" and negligently creates or allows a dangerous condition to exist resulting in injury to the employee of the independent contractor. Viewing the facts in a light most favorable to plaintiff, we conclude that this case falls within the general rule, and not the Conklin exception.
Id. at 38-39.
We hold that the allegations of the complaint do not allege sufficient facts to establish that Publix exercised such control over the performance of appellants' duties as to fall within the exception set forth in Conklin. As we previously discussed, the complaint likewise fails to allege an actionable breach of a duty by Publix in failing to warn appellants of the danger of which the employer had equal knowledge. We, therefore, affirm the dismissal with prejudice of appellants' complaints against Publix.
We have considered the allegations contained in appellant Gary Garrick's complaint against Brinks in the light of the supreme court's recent opinion in Turner v. PCR, Inc., 754 So.2d 683 (Fla.2000). In Turner, the supreme court discussed the intentional tort exception to the worker's compensation statutory scheme.
Notwithstanding the general recognition of tort immunity for employers, this Court has recognized an intentional tort exception to the worker's compensation statutory scheme. See Eller v. Shova, 630 So.2d 537, 539 (Fla.1993) (stating that "employers are provided with immunity from suit by their employees so long as the employer has not engaged in any intentional act designed to result in or that is substantially certain to result in injury or death to the employee") (citing Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882 (Fla.1986) and Lawton v. Alpine Engineered Products, Inc., 498 So.2d 879 (Fla.1986)).
Id. at 686. Turner went on to clarify that:
We recognize that some courts have elevated the standard employees must prove from "substantial certainty" to "virtual certainty." ... Although we *879 continue to find that "substantial certainty" requires a showing greater than "gross negligence," we emphasize that the appropriate standard is "substantial certainty," not the heightened "virtual certainty" standard.
Id. at 687 n. 4. Based on Turner, we first note that the trial court incorrectly applied the "virtual certainty" test to appellants' claims against Brinks. That being said, we have considered the allegations of appellants' complaint in light of the objective test adopted in Turner:
Under an objective test for the substantial certainty standard, an analysis of the circumstances in a case would be required to determine whether a reasonable person would understand that the employer's conduct was "substantially certain" to result in injury or death to the employee.
Id. at 688.
Appellant Gary Garrick's complaint contains twenty-seven allegations concerning Brinks' general conduct as an employer. In addition to the general allegations concerning Brinks the complaint alleges that Brinks had knowledge that a robbery was going to occur at a Publix in Boynton Beach on Jog Road or Military Trail and Gateway, and that Brinks did nothing to remedy its security operations, or to increase the protection of its messengers and drivers. The complaint also contains conflicting and conclusory allegations that Brinks deliberately withheld knowledge from appellant concerning the potential robbery. These allegations, if proved, would establish only that a robbery was likely to occur at one of two specified stores in Boynton Beach at an unknown time and date. As previously noted, the complaint contains an allegation that Brinks gave notice of a potential Brinks robbery in the South Florida area. Whether this notice was adequate might allege a claim for negligence, but does not allege facts supporting a claim based on a substantial certainty that the robbery and injury would occur. Taken in the light most favorable to appellant, Brinks knew that unknown persons, who had already changed their plans at least once, planned an armored car robbery at a Publix at an unspecified time, on an unspecified date, at one of two specified locations different from the location where the robbery actually occurred. In Turner, the court stated:
In summary, we find that our prior case law recognizes, and we reaffirm, the existence of an intentional tort exception to an employer's immunity. That intentional tort exception includes an objective standard to measure whether the employer engaged in conduct which was substantially certain to result in injury. This standard imputes intent upon employers in circumstances where injury or death is objectively "substantially certain" to occur. To hold otherwise would virtually encourage a practice of "willful blindness" on the part of employers who could ignore conditions that under an objective test would be found to be dangerous, and later claim lack of subjective knowledge or intent to harm an employee. This holding is also consistent with legislative policy recognizing the liability of managerial or policy-making coemployees for conduct constituting reckless indifference to the safety of other employees.
Id. at 691. We hold, after applying the objective standard adopted in Turner, that the complaint does not contain allegations of ultimate facts that would support a jury's verdict that Brinks engaged in conduct that was substantially certain to result in injury to appellant Gary Garrick.
Accordingly, we affirm the dismissal with prejudice of appellant Gary Garrick's, *880 and appellants Eduardo Augusto Pinto De Arruda, Genesio Pinto De Arruda, Jr., and Myrna Cordova Pinto E Pinto De Arruda's second amended complaints against Publix Super Markets, Inc., and the dismissal with prejudice of appellant Gary Garrick's second amended complaint against Brinks Incorporated.
AFFIRMED.
STONE, J., concurs.
KLEIN, J., concurs specially with opinion.
KLEIN, J., concurring specially.
I agree entirely with the majority opinion. I only wish to mention that Brinks was hired by Publix to protect its money from the specific occurrence which caused the injuries, a robbery. There are cases which hold that an owner of premises is not liable for an injury to an employee of an independent contractor caused by the very thing the employee was engaged to deal with. McCarty v. Dade Div. of Am. Hosp. Supply, 360 So.2d 436 (Fla. 3d DCA 1978)(cleaning person employed by independent contractor maintenance company slipped on greasy floor of hospital she was engaged in cleaning); Lake Parker Mall, Inc. v. Carson, 327 So.2d 121 (Fla. 2d DCA 1976)(employee of independent electrical contractor electrocuted as a result of a defective cutoff switch, a defect known to contractor). Publix cannot be liable to the Brinks' employees under the rationale of those cases.
NOTES
[1] Appellants, Eduardo Augusto Pinto De Arruda, Genesio Pinto De Arruda and Myrna Cordova Pinto E Pinto De Arruda, during the pendency of this appeal filed a notice of dismissal with prejudice of their action against Brinks. Their appeal against Publix remains pending.
[2] The complaint included a count for loss of filial consortium.