PER CURIAM.
 

 Appellees, Luis Gonzalez, Consuelo Lopez, Marta Castro, and her husband, Juan Hernandez (collectively, “plaintiffs”), brought suit against appellants, Granada Gardens Association, LLC and Big League Management, Inc. (“defendants”), seeking damages for injuries suffered as a result of defendants’ negligence. The trial court ordered a new trial based on supposed inconsistencies in the jury verdict.
 
 [1]
 

 The jury determined that defendants’ negligence was the legal cause of damage to Gonzalez, Lopez, and Castro, but not Hernandez. The jury awarded Gonzalez, Lopez, and Castro non-economic damages totaling $100,000,
 
 [2]
 
 but awarded nothing to any of the plaintiffs for past medical expenses. After the jury verdict was read, the trial court directed a verdict in favor of Gonzalez on his past medical expenses in the amount of $10,000. Then, believing the verdict was inconsistent, the trial court asked the jury to deliberate again and, if possible, return with a “consistent” verdict. The jury returned a second verdict, finding that defendants’ negligence was the legal cause of damage to all four plaintiffs, and awarding Hernandez $2500. After thanking the jurors for their service and discharging them, the trial court issued, what was in effect, an order granting new trial, and the judge recused himself.
 

 Contrary to the conclusion of the trial court, the initial verdict was consistent, as the jury could reasonably have determined that while defendants were negligent, their negligence was not the legal cause of damage to all plaintiffs.
 
 See Cocca v. Smith,
 
 821 So.2d 328, 331 (Fla. 2d DCA 2002). Therefore, we reverse the trial court’s order granting a new trial with instruction to enter a final judgment consistent with the first verdict. We also reverse the directed verdict entered in favor of Hernandez in the amount of $10,000.
 
 See Schreidell v. Shoter,
 
 500 So.2d 228, 232 (Fla. 3d DCA 1986) (“A directed verdict is proper only when the record conclusively shows an absence of facts or inferences from facts to support a jury verdict, viewing the evidence in a light most favorable to the nonmoving party.”) (citing
 
 Holmes v. Don Mealey Chevrolet, Inc.,
 
 468 So.2d 552, 553 (Fla. 5th DCA 1985)). Here, the record reveals facts supporting the jury’s first verdict. We affirm on all other issues.
 

 
 *310
 
 Affirmed in part, reversed in part, and remanded with instructions.
 

 [1]
 

 . Although the order on appeal purports to be an order granting a mistrial effective, nunc pro tunc, the day of the trial, it is actually an order granting a new trial, as it was granted just shy of a month after the jury was discharged.
 
 See Keene Bros. Trucking, Inc. v. Pennell,
 
 614 So.2d 1083, 1085 (Fla.1993).
 

 [2]
 

 . The defendants, having been found liable by the jury for only 30 percent of the damage to plaintiffs, are responsible for 30 percent of the total damage award.