# Third District Court of Appeal

## State of Florida

Opinion filed May 14, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0837
Lower Tribunal No. 22-05812-CA-01
_____

**Manny Almanzar,**
Appellant,

vs.

**Public Health Trust of Miami-Dade County, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Rodriguez Law Office, LLC, Domingo C. Rodriguez, Obront, Corey & Schoepp, PLLC and Curt D. Obront, for appellant.

La Cava Jacobson & Goodis, P.A., Jason M. Azzarone and Gregory S. Glasser (Tampa), for appellee.

Before FERNANDEZ, GORDO and LOBREE, JJ.

GORDO, J.

Manny Almanzar ("Almanzar") appeals a final summary judgment entered in favor of the Public Health Trust of Miami-Dade County d/b/a Jackson Health System and Jackson Memorial Hospital ("Hospital"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm.

I.

The Hospital retained ThyssenKrupp Elevator Corporation ("Elevator Agency") as an independent contractor to maintain and repair its elevators. The Elevator Agency assigned its employee, Almanzar, to serve as a full-time, on-site resident elevator mechanic at the Hospital. Almanzar was injured while repairing an elevator. Thereafter, he filed the underlying action alleging, the Hospital was negligent in maintaining the elevator that caused his injury.

The Hospital moved for summary judgment, arguing it did not owe Almanzar a duty as he was the employee of an independent contractor. Specifically, the Hospital argued (1) Almanzar's injury arose from the very condition he was engaged as an independent contractor to repair; (2) it did not participate in or control the manner in which the maintenance work was performed; and (3) it did not create the condition that caused Almanzar's injury. Almanzar did not file a response in opposition. Instead, he relied solely on his deposition testimony, wherein he admitted the Hospital did not

2

participate or exercise any control over the elevator's maintenance and it did not create the condition that caused his injury. Following a hearing, the trial court granted the Hospital's motion for final summary judgment. This appeal followed.

## II.

"Our standard of review of an order granting summary judgment is *de novo.*" Ottey v. Citizens Prop. Ins. Corp., 299 So. 3d 500, 501 (Fla. 3d DCA 2020) (quoting White v. Ferco Motors Corp., 260 So. 3d 388, 390 (Fla. 3d DCA 2018)).

## III.

On appeal, Almanzar argues the trial court erred in granting summary judgment for the Hospital because the Hospital was negligent in maintaining the subject elevator.

"Generally, a property owner who employs an independent contractor to perform work on his property will not be held liable for injuries sustained by the employee of an independent contractor during the performance of that work." Strickland v. Timco Aviation Servs. Inc., 66 So. 3d 1002, 1006 (Fla. 1st DCA 2011). "However, there are two exceptions to the general rule." Id. "An owner can be held liable for damages sustained by an employee of an independent contractor where (1) the property owner actively participates in

3

or exercises direct control over the work; or (2) the property owner negligently creates or negligently approves a dangerous condition." Id.

The Hospital submitted undisputed evidence that Almanzar was injured in the scope of his work as a full-time employee of the Elevator Agency, an independent contractor. Almanzar did not contest this and failed to come forward with any evidence in opposition demonstrating the Hospital actively participated in his work or created the condition that caused his injury. Because no genuine dispute of material fact exists in the record that Almanzar's injury occurred in the scope of his work and the Hospital neither participated in his work nor created the unsafe condition, we find the trial court properly entered final summary judgment for the Hospital as a matter of law. See Betancourt v. Citizens Prop. Ins. Corp., No. 3D23-0923, 2025 WL 779252, at *2 (Fla. 3d DCA Mar. 12, 2025) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law . . . A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations. When seeking summary judgment, the moving party must identify each claim or defense-or the part of each claim or

4

defense-on which summary judgment is sought. Once the party moving for summary judgment satisfies this initial burden, the burden then shifts to the nonmoving party to come forward with evidence demonstrating that a genuine dispute of material fact exists.") (internal quotation marks and citations omitted); Chowdhury v. BankUnited, N.A., 366 So. 3d 1130, 1134 (Fla. 3d DCA 2023) ("Our new summary judgment standard mirrors the standard for a directed verdict such that the inquiry focuses on 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" (quoting In re Amends. to Fla. Rule of Civ. Proc. 1.510, 309 So. 3d 192, 192 (Fla. 2020))); Cecile Resort. Ltd. v. Hokanson, 729 So. 2d 446, 447 (Fla. 5th DCA 1999) ("Generally, one who hires an independent contractor is not liable for injuries sustained by that contractor's employees in their work. The owner may be held liable if he has been actively participating in the [activity] to the extent that he directly influences the manner in which the work is performed. Conversely, if the owner is a passive nonparticipant, exercising no direct control over the project, he cannot be held liable.") (internal quotation marks and citations omitted); McCarty v. Dade Div. of Am. Hosp. Supply, 360 So. 2d 436 (Fla. 3d DCA 1978) ("The law is clear that a person, who is having work done on his premises by an independent contractor and has actual or

5

constructive knowledge of latent or potential dangers on the premises, owes a duty to give warning of, or use ordinary care to furnish protection against such dangers to an employee of the independent contractor who is without actual or constructive notice of the dangers.  It is obvious, however, that where such employee is injured as a proximate result of conditions and defects which his employer, the independent contractor, is engaged to correct, liability cannot be predicated on such unsafe conditions because the employee has actual or constructive notice of such conditions.").

Affirmed.