329 So.2d 377 (1976)
Margaret NANCE, Appellant,
v.
JAMES ARCHER SMITH HOSPITAL, INC., Appellee.
No. 75-415.
District Court of Appeal of Florida, Third District.
March 2, 1976.
Rehearing Denied April 22, 1976.
*378 Rentz, McClellan & Haggard, Miami, for appellant.
Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Plaintiff appeals a judgment for defendant entered in accordance with motion for directed verdict in this action for wrongful death.
The unfortunate events giving rise to this case are as follows. On August 15, 1971 Franklin Clayton, a young male, was behaving strangely and his grandmother, Annie Clayton, became concerned. It appears Franklin had taken a pill containing LSD. Grandmother Clayton along with two companions drove Franklin to James Archer Smith Hospital, defendant herein. Upon entering the hospital, the personnel were informed that Franklin had taken "acid." Grandmother Clayton was then advised by the ward clerk that the Hospital did not have the proper testing facilities to ascertain the type of drug Franklin had taken which was necessary before proper treatment could be prescribed and they should take him to Jackson Memorial Hospital which had the necessary testing facilities. Thereupon Franklin, his grandmother and the two companions got into their car and began to drive to Jackson Memorial Hospital. Shortly thereafter Franklin jumped out of the car, ran berserk through an apartment building and fatally stabbed Earnest Nance. Margaret Nance, wife of the victim and appellant herein, filed a wrongful death action against the Hospital and alleged the Hospital was negligent in turning away Clayton inasmuch as he was an emergency case and a danger to himself and others. The jury returned a verdict for $150,000 in favor of Mrs. Nance. The trial judge, having reserved ruling on defendant's motion for directed verdict made at the close of plaintiff's case and again at the conclusion of all the evidence, entered judgment for the defendant.
Plaintiff Nance appeals from this judgment. We affirm.
The question of proximate cause in a negligence action is one for the court where there is an active and efficient intervening cause. Kwoka v. Campbell, Fla. App. 1974, 296 So.2d 629. Further, where the negligence of another, constituting an independent intervening efficient cause of the accident, was not reasonably foreseeable, no liability may be fastened on the defendant. Rawls v. Ziegler, Fla. 1958, 107 So.2d 601.
The record is replete with evidence that Franklin, during the time he was present at the defendant Hospital, did not exhibit any behavior which could be termed erratic or threatening and we conclude there was no reasonable foreseeability that Franklin would engage in the violent behavior which resulted in the death of plaintiff's husband. We also note that defendant hospital did not have the facilities to *379 conduct the necessary tests to prescribe treatment.
The trial judge was correct in granting defendant's motion for directed verdict and entering judgment in accordance therewith.
Affirmed.