430 So.2d 503 (1983)
Fouad BANAT, Appellant,
v.
Jose Mike ARMANDO, Falcone & Ignizio Foods, Inc., a/K/a Falcone & Italia, Inc., and State Farm Fire & Casualty Company, Appellees.
No. 82-1316.
District Court of Appeal of Florida, Third District.
April 12, 1983.
Rehearing Denied May 20, 1983.
*504 Greene & Cooper and Joan M. Bolotin, Miami, Cohen & Cohen, Miami Beach, for appellant.
Talburt, Kubicki & Bradley and Robert F. Bouchard, Miami, for appellees.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Plaintiff was a passenger in the front seat of a small car which crashed into the rear of defendant's stopped truck when the car's brakes failed. A heavy metal lift at the truck's rear, designed to be folded while the truck was being operated in traffic, was left down, the point of the wedge-shaped platform protruding forty-two inches behind the truck's body. On impact, the platform tore through the windshield and roof support parts of the car, causing serious facial injuries to plaintiff.
The trial court granted summary judgment for defendant. We affirm.
It is conceded here, for the sake of argument, that the protruding tailgate lift created a dangerous condition, but is contended by appellees that (1) plaintiff's injuries were not proximately caused by the hydraulic lift on defendant's truck and, (2) that a brake failure of a following vehicle, which causes a collision with the rear of a vehicle in front, is not within the realm of foreseeability. In support of their argument that the summary judgment should be affirmed, defendants argue that the question of proximate cause is one for the court where there is an active and efficient intervening cause, relying on Nance v. James Archer Smith Hospital, Inc., 329 So.2d 377 (Fla. 3d DCA 1976), cert. denied, 339 So.2d 1171 (Fla. 1976) and Kwoka v. Campbell, 296 So.2d 629 (Fla. 3d DCA 1974), cert. denied, 304 So.2d 450 (Fla. 1974).
The duties of the court in any case in which "proximate cause" is at issue involve making determinations as to (1) whether the defendant stands in such a relation to the plaintiff that the law will impose upon him any obligation of reasonable conduct for the benefit of the plaintiff, (2) whether the damages are of such character that they may be apportioned and assigned in part to several causes, (3) causation in fact, i.e., whether the defendant's conduct was a substantial factor in producing the result, (4) whether the defendant's responsibility is superseded by an abnormal intervening force. The first two are always questions of law. The third and fourth are questions of law only where reasonable persons could not differ.[1]
There are no reported Florida cases which have addressed the question whether a brake failure in a rear-end collision is an efficient intervening cause. Appellee has presented several cases from other jurisdictions holding that brake failure, as an intervening cause of a rear-end collision, is an unforeseeable cause. Sheehan v. City of New York, 40 N.Y.2d 496, 354 N.E.2d 832, 387 N.Y.S.2d 92 (1976) (brake failure of plaintiff's vehicle was an efficient intervening cause even though defendant's bus was negligently stopped in a traffic lane rather than in curb lane provided for buses); McGuire v. Lloyd, 324 F. Supp. 903 (D.S.C. 1971) (although defendant's vehicle had come to a stop on highway partially obstructing *505 flow of traffic, South Carolina federal court held that the brake failure of plaintiff's following truck was an unforeseeable intervening cause); Dunnivant v. Nafe, 206 Tenn. 458, 334 S.W.2d 717 (1960) (defendants negligently stopped at crest of a steep hill obstructing traffic so that plaintiff in following vehicle had to stop and when plaintiff's brakes failed causing him to roll back down the hill and off the bridge resulting in injury, brake failure was an unforeseeable efficient intervening cause); Commonwealth, Department of Highways v. Graham, 410 S.W.2d 619 (Ky. 1966) (plaintiff attempted to stop because defendant blocked traffic while making U-turn with his truck near crest of hill, but owing to brake failure, plaintiff had to swerve to avoid striking truck, causing his own vehicle to overturn; held that brake failure was an unforeseeable intervening cause); Wilborn v. Sneed, 415 S.W.2d 858 (Ky. 1967) (defendant turned his vehicle around on a highway less than 500 feet from crest of a hill, allegedly in violation of statute, but failure of brakes on plaintiff's vehicle which led to crash was held a supervening, abnormal circumstance).
A critical fact in all the cited brake failure cases, and also a factor here, is that the plaintiffs were able to see the dangerous conditions well before the collisions but were unable to avoid the collision only because of the mechanical brake failure.
The dispositive principle of law was stated in Commonwealth, Department of Highways v. Graham: "If the original negligence is remote and only furnishes the occasion of the injury, it is not the proximate cause thereof." 410 S.W.2d at 620. Inferentially, if a force intervenes between the original negligence and the injury which has the force of a superseding cause, then the proximate cause of the injury is that superseding force. More to the point, the court in Wilborn v. Sneed held that a brake failure which causes a collision under circumstances where the plaintiff otherwise would have been able to take action in avoidance, was "a supervening, abnormal circumstance," for which a defendant would not be held liable.
It was the testimony of the operator of the vehicle in which plaintiff was a passenger that he saw defendant's truck and, but for the brake failure, would have had plenty of time to stop before the collision. On these facts, and in light of the given law on proximate cause, the summary judgment must be affirmed. Defendant's negligence, although furnishing an occasion for the injury, was not the proximate cause of the injury; brake failure of the car in which plaintiff was a passenger was a superseding intervening cause. We agree that as to the conclusion reached by the trial court, reasonable persons could not differ.
Affirmed.
NOTES
[1] Prosser, Law of Torts § 45 at 289-90 (4th ed. 1971).