477 So.2d 43 (1985)
Cathryn HOFFMAN, Appellant,
v.
Richard B. BENNETT, Appellee.
No. 85-545.
District Court of Appeal of Florida, Third District.
October 22, 1985.
*44 Bryan Scott Henry, Lauderhill, for appellant.
Carey, Dwyer, Cole, Eckhart, Mason & Spring and Mitchell H. Katler, and Pamela Beckham, Miami, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
Plaintiff, a young adult, was injured when seventeen-year-old Kevin Barber threw or shook a harmful chemical from his wet hands into her eyes and face. The record shows that both Hoffman and Barber were employed at the church where the events occurred.
Appellee Richard Bennett, a building contractor, was hired to construct an addition to the church. Count IV of an amended complaint for personal injury alleged that Bennett negligently left a dangerous alkaline substance on the premises in an unguarded condition, and that Barber was attracted to the substance, which proximately caused plaintiff's injuries. This appeal is from a summary judgment entered on Bennett's motion.
The dispositive question is whether the action of Barber, who is the sole defendant in the first three counts of the four-count complaint, was an intervening and superseding cause.
The court in proximate cause cases must determine, inter alia, (1) causation in fact, i.e., whether the defendant's conduct was a substantial factor in producing the result, and (2) whether the defendant's responsibility is superseded by an abnormal intervening force. These determinations are to be made as a matter of law where reasonable people could not differ. Banat v. Armando, 430 So.2d 503 (Fla. 3d DCA 1983), rev. denied, 446 So.2d 99 (Fla. 1984).
On the record presented, we cannot disagree with the trial court's determinations that Bennett's conduct was not a substantial factor in Hoffman's injury, and that Barber's acts superseded Bennett's conduct as an abnormal intervening force.
Affirmed.