FERGUSON, Judge.
Appellant alleges the existence of a genuine issue of fact as to whether the appel-lee-hospital breached a duty to the deceased, Linda Gropper, by failing to communicate immediately to her physician the results of a blood test which showed a serious bacterial infection. Four days after the blood test, Mrs. Gropper was returned to the hospital comatose. She died several hours later as a result of the infection.
A hospital pathologist gave an uncontra-dicted opinion that there was nothing critical in the blood test which, in accordance with the hospital’s internal policy, would require a telephone call to the patient’s physician. The facts show further that the same blood-test information was available to the deceased’s physician as early as sev *645 eral hours after the blood test was conducted and was in fact reviewed by her physician the following morning. He saw no reason for medical alarm.
The trial court determined that the evidence showed conclusively, (1) no breach by the hospital of a duty owed to the deceased and, (2) no causal connection between the hospital’s conduct and Mrs. Gropper’s death. We agree.
Whether a defendant’s conduct was a substantial factor in injury to a plaintiff is properly decided as a matter of law where reasonable persons could not differ. Banat v. Armando, 430 So.2d 503 (Fla. 3d DCA 1983), rev. denied, 446 So.2d 99 (Fla. 1984).
Summary judgment is affirmed.