567 So.2d 1064 (1990)
To Pyo CHO, Appellant,
v.
Todd Jeffery MACKEY, Diana Lynn Haire, Individually, Theodore W. Haire, As Parent Guardian of Diana Lynn Haire, and Theodore W. Haire, Individually, Appellees.
No. 89-03204.
District Court of Appeal of Florida, Second District.
October 12, 1990.
C.J. Benefield, Lakeland, for appellant.
Louis J. Williams, Lakeland, for appellees Haire.
No appearance for appellee Mackey.
SCHEB, Acting Chief Judge.
Appellant To Pyo Cho sued Appellee Diane Haire alleging that her negligence was a proximate cause of the automobile accident in which he was injured. The trial court directed a verdict in favor of Haire on the issue of liability and denied Cho's motion for a new trial. We reverse.
The evidence at the jury trial revealed that on the night of February 13, *1065 1987, there was a three car accident on South Florida Avenue, a six-lane divided highway in Lakeland. The accident occurred in a 45 mile per hour speed zone while the pavement was wet. As Cho drove north in the inside lane, Haire's car attempted to cross South Florida Avenue from the west. She stopped near the median allowing her car to protrude into Cho's lane. In response, Cho slowed and prepared to stop. As he did, the vehicle following him, driven by Todd Mackey, struck the rear of Cho's car which, in turn, slid forward into Haire's vehicle.
At the conclusion of the evidence, the trial court granted Haire's motion for directed verdict on the ground that Cho had not established that Haire was the proximate cause of the accident. Citing Banat v. Armando, 430 So.2d 503 (Fla. 3d DCA 1983), rev. denied, 446 So.2d 99 (Fla. 1984), as authority, the court ruled that Mackey's negligence in rear-ending Cho was a superseding, intervening force which caused the accident, thereby relieving Haire from liability for her negligence, if any.
We think the trial court's reliance on Banat was misplaced. In Banat, the plaintiff was a passenger in a car which crashed into the defendant's truck when the car's brakes failed. The plaintiff sought to hold the truck driver liable because of his alleged negligence in leaving a lift, designed to be folded when the truck was in motion, in a down position. The Third District in Banat only decided that the truck driver's negligent handling of the lift was remote and only furnished the occasion of the injury. In contrast, the brake failure of the car in which the plaintiff was a passenger was a supervening cause because absent the brake failure, the car could have stopped in time. Without passing on the Third District's view in Banat as to whether brake failure in a rear-end collision may be an efficient intervening cause and thus unforesseable, we think the instant case is controlled by Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520 (Fla. 1980), which is factually identical.
In Gibson, the defendant Arata stopped his car in an inner lane of a divided highway. A second car stopped behind him. Plaintiff Gibson then stopped his car and was struck from behind by McNealy. The impact propelled Gibson's car forward into the second car, and Gibson was injured. Gibson sued Arata and McNealy. The trial judge directed a verdict against Arata, holding that McNealy's negligent rear-ending was an "efficient intervening cause" which relieved Arata of liability for his negligent stopping. The supreme court reversed and held that it was for a jury to decide whether Arata could foresee that his stopping would cause McNealy to rear-end Gibson. Accordingly, the directed verdict was improper.
One who establishes a remote condition which furnishes only the occasion for another's supervening negligence is not deemed to be a proximate cause of the resulting accident unless the intervening cause was foreseeable. See, e.g., Gibson at 522; Matthews v. Williford, 318 So.2d 480 (Fla. 2d DCA 1975). The harm that occurred was within the scope of danger attributable to the original actor's negligence. This factual question is reserved for the jury. See Dunn v. Schurga, 533 So.2d 1192 (Fla. 2d DCA 1988).
Here, the action of Mackey in rear-ending Cho's vehicle was not remote. In fact, rear-end collisions are a common occurrence where cars ahead have reason to decrease their speed. Accordingly, it was for the jury to determine whether it was foreseeable that Haire's protruding her car into Cho's lane could cause the resulting accident. The effect of the trial judge's ruling was to implicitly hold that, as a matter of law, Mackey's acts were not foreseeable. This was error.
Reversed and remanded for further proceedings consistent with this opinion.
RYDER and FRANK, JJ., concur.