579 So.2d 176 (1991)
George BARATI, et al., Appellants,
v.
AERO INDUSTRIES, INC., Etc., et al., Appellees.
No. 89-2357.
District Court of Appeal of Florida, Fifth District.
April 11, 1991.
Rehearing Denied May 29, 1991.
*177 Arnold R. Ginsberg, of Perse, P.A. & Ginsberg, P.A. and Ronald C. Willis, P.A., Miami, for appellants.
Cynthia Z. MacKinnon and Linda S. Bols of Fisher Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellee Aero Industries, Inc.
Charles T. Wells of Wells, Gattis, Hallowes & Carpenter, P.A., Orlando, for appellee Crescent Equipment Co., Inc.
W. SHARP, Judge.
George Barati and his wife, Lynett, appeal from a final summary judgment which denied them any recovery against Aero Industries, Inc. (Aero) and Crescent Equipment Company, Inc. (Crescent), for their alleged defective or negligent design of a dangerous product. The Baraties sought damages for personal injuries suffered by George when he attempted to repair a tarpaulin-pulling mechanism on a trailer owned by his employer, Orange County. Aero had designed and manufactured the tarpaulin unit and Crescent manufactured the trailer, which it outfitted with Aero's mechanism. The trial court ruled that Barati's injuries were not proximately caused by a defect in the trailer or tarpaulin unit, based on the record before him. We agree and affirm.
The record was sufficient to show for summary judgment purposes that there was an issue as to whether the tarpaulin unit was negligently or improperly designed. When the mechanism was used as intended (to haul garbage) the cable often slipped off the pulley, causing the tarpaulin to fall on top of the load being hauled, and the cable fell upon the ground. Work stoppage and repeated repairs resulted from the defect. However, because of the manner in which Barati attempted the repairs, we conclude that the design defect had but a tenuous relationship to Barati's injuries.
Barati was a heavy equipment operator and experienced mechanic. Three weeks prior to the accident, Orange County purchased three Crescent trailers equipped with the Aero tarpaulin unit to use in hauling garbage. All three units malfunctioned and required a mechanic to reset the cables on the pulleys. Barati had made three such repairs before his accident.
On the morning of the accident, Barati's supervisor directed him to stop his then assigned job and repair the tarpaulin unit on one of the trailers. In his deposition, Barati described how he went about the task. He used scaffolding to stand on at the rear of the trailer, to make the required adjustments, and to put the cable on the rear pulley. He then went to the front of the trailer and climbed halfway up a twelve-foot ladder. Leaning against the top of the ladder with his thighs for balance, he pulled the slack out of the cable and fit it over the front pulley. The cable extended forty feet and was one quarter inch in diameter.
As he pulled the cable over the front pulley, the cable slipped off the back pulley and the cable went slack. Barati fell backwards off the ladder onto the asphalt paving, and suffered serious injuries to his leg and ankle. He admitted that if there had been more scaffolding available to him, he would have used it to stand on at the front of the trailer rather than a ladder.
In a strict liability case involving an allegedly defective product, the plaintiff must be able to make a prima facie showing that the defect in the product was the proximate cause of the injuries suffered.[1]West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla. 1976); Cassisi v. Maytag Company, 396 So.2d 1140 (Fla. 1st DCA 1981). Issues concerning proximate cause are generally appropriate for resolution by *178 a jury.[2] However, if reasonable persons could not disagree, it is a matter appropriate for determination by a court.[3] Although there is a remote causal relationship in this case between Barati's injuries and the defective cable mechanism, in the sense that "but for" the defect, Barati would not have been trying to repair it, that does not answer the question of proximate cause.
Determination, vel non, of proximate cause by courts (as a matter of law) are actually policy decisions that the range of danger is too remote to be reasonably foreseeable and thus they refuse to extend liability for bizarre or remote injuries. See Department of Transportation v. Anglin, 502 So.2d 896 (Fla. 1987); Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983); Florida Torts § 70.13; Prosser and Keeton, Torts at 273 (5th ed 1984). Another category is when there is an independent efficient cause, which breaks the chain of causation because it is a remote, unforeseeable and bizarre consequence of the original negligence. National Airlines v. Edwards, 336 So.2d 545 (Fla. 1976); Anglin; Banat v. Armando, 430 So.2d 503 (Fla. 3d DCA 1983), rev. denied, 446 So.2d 99 (Fla. 1984); Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227 (Fla. 1st DCA 1960), cert. denied, 127 So.2d 441 (Fla. 1961). We think this case fits into the latter category.
Normal use of the defective mechanism did not cause Barati's injuries:[4] his attempted repair did. The slipping cable problem was well-known to Barati, since that was the defect he was attempting to fix, and had successfully done so on prior occasions.
In some repair cases, the defective design may be shown to have made the repair difficult or hazardous. See Blaw-Knox Food & Chemical Equipment Corp. v. Holmes, 348 So.2d 604 (Fla. 4th DCA), cert. denied, 351 So.2d 405 (Fla. 1977). However, in this case, there was no showing that Barati was required by the design defect to attempt to reset the cables standing on a twelve-foot ladder. We note that the record shows the designer of the mechanism also used a ladder in resetting the pulleys, and that Barati followed his example. But he admitted that use of the ladder was not required and scaffolding would have been his first choice. We think his improvident choice of method to repair the mechanism was the efficient intervening cause of his injuries. See Ayala v. J.M. Fields, Inc., 390 So.2d 166 (Fla. 5th DCA 1980); Melton v. Estes, 379 So.2d 961 (Fla. 1st DCA 1979).
AFFIRMED.
COWART, J., concurs.
GRIFFIN, J., dissents with opinion.
GRIFFIN, Judge, dissenting.
I respectfully dissent. The plaintiffs timely filed an affidavit in opposition to the motion for summary judgment which contained the following text:
I HEREBY CERTIFY that before me, the undersigned authority, personally appeared GEORGE PIOTROWSKI and after being first duly sworn deposes and says, based upon personal knowledge and belief as follows:
1. My name is GEORGE PIOTROWSKI and I hold a Bachelor of Science and a Masters degree in mechanical engineering, as well as a Doctorate in Biomedical *179 Engineering, and have in excess of twenty (20) years of experience working and teaching in that mechanical engineering. I am a Registered Professional Engineer (Florida Reg. No. PE0033718).
2. That I am familiar with the facts surrounding the accident involving Mr. George Barati on April 24, 1987 and have reviewed his testimony regarding his activities and actions at the time; as well as the pertinent testimony of the witnesses present on the scene and at the time immediately after the accident. I have also reviewed the instructions pertaining to the TR-3 tarpaulin unit and have personally inspected the Crescent trailer and the TR-3 tarpaulin unit itself.
3. It is my opinion that the above product was defectively designed and manufactured in that:
a. the rear bracket, housing the rear pulley, was of insufficient strength and defectively designed and mounted in an eccentric fashion, so as to bend during the course of normal operation, resulting in misalignment between the back and front pulley;
b. that the depth of the groove in the rear pulley was insufficient for the size cable being used with the unit;
c. that there was an absence of an eyelet guard and/or bracket over the rear pulley to keep the cable within the groove during operations and repairs.
4. That the above defects resulted in the product malfunctioning during normal use, by virtue of the cable coming off the rear pulley and that the defective condition of the product in relation to the rear pulley was unreasonably dangerous to the workers who were required to remount the cable.
5. That the same defects, which caused the product to malfunction during normal operation, to wit: the misalignment, insufficient pulley groove and lack of eyelet guard, directly resulted in the cable coming off the pulley during the final step in the re-mounting process engaged in by Mr. Barati on April 25, 1987, and directly and proximately caused his fall and injuries.
6. It is my opinion that the manner in which Mr. Barati was re-mounting the slipped cable was the only reasonable and practical way to achieve same and that, but for the defects in the product, as enumerated above, the accident and injuries would not have occurred.
7. That through the exercise of basic mechanical engineering principles, proper testing and inspections by the manufacturers and/or suppliers, the defects and consequences would have been foreseeable, as well as the risk to workers who have to re-mount the slipped cable and said defects could have been eliminated without great economic impact.
Moreover, plaintiffs did not sue only on product liability theories; they also alleged defendants were negligent in instructing plaintiff how to reposition the cable once it had come off the pulley. I believe this is a comparative negligence case.
NOTES
[1] Prosser and Keeton, Torts at 710 (5th ed. 1984).
[2] See Kaisner v. Kolb, 543 So.2d 732 (Fla. 1989); Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1977); Cho v. Mackey, 567 So.2d 1064 (Fla. 2d DCA 1990); Goode v. Walt Disney World Company, 425 So.2d 1151 (Fla. 5th DCA 1982), rev. denied, 436 So.2d 101 (Fla. 1983); Blaw-Knox Food & Chemical Equipment Corp. v. Holmes, 348 So.2d 604 (Fla. 4th DCA), cert. denied, 351 So.2d 405 (Fla. 1st DCA 1977).
[3] See Florida East Coast Railway Company v. Pickard, 573 So.2d 850 (Fla. 1990); Florida Power & Light Company v. Lively, 465 So.2d 1270 (Fla. 3d DCA), rev. denied, 476 So.2d 674 (Fla. 1985); Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983); Banat v. Armando, 430 So.2d 503 (Fla. 3d DCA 1983), rev. denied, 446 So.2d 99 (Fla. 1984); Fellows v. Citizens Federal Savings & Loan Association of St. Lucie County, 383 So.2d 1140 (Fla. 4th DCA 1980).
[4] Compare Cassisi v. Maytag Co., 396 So.2d 1140 (Fla. 1st DCA 1981).