NESBITT, Senior Judge.
In a negligence action, an injured invitee appeals the summary judgment issued in favor of a premises owner. We affirm.
Jack Ricardo Gehr brought a package to Next Day Cargo, Inc. for shipping. Upon arrival, Gehr walked through the parking lot and into Next Day’s loading dock area. One of Next Day’s employees met Gehr, and together they exited the loading dock area and returned to Gehr’s vehicle. That same employee instructed Gehr to wait by his car until the employee returned with certain necessary paperwork. Next Day’s loading dock was brimming with packages. *190 Thereafter, a truck driver, not employed or associated with Next Day, stopped his truck in the parking lot, and proceeded to lower the truck’s lift-gate with a large box on it.
According to Gehr, the driver requested Gehr’s assistance in lowering the package. Unbeknownst to Gehr, the package contained a hospital bed weighing approximately 300 pounds. The box fell from the lift-gate onto Gehr’s left ankle, injuring Gehr. Gehr brought the instant action against Next Day for failing to maintain the premises in a reasonably safe condition and failing to warn Gehr of a dangerous condition of which Next Day knew or should have known.
Next Day filed for Summary Judgement, arguing that no act or omission on its part was the proximate cause of the subject accident, and that Next Day owed Gehr no duty to warn him of the hazards in assisting the truck driver when Gehr’s assistance was voluntary and unforeseeable, and the risks, obvious. In response, Gehr submitted the testimony of the truck driver in the past, boxes had obstructed the loading dock, thereby forcing the driver to unload his deliveries in the middle of the company’s entranceway and that he had notified Next Day of this problem. Gehr also submitted the testimony of Next Day employee, Lazaro Ramos, who said that Next Day was expecting the bed and that it was being delivered at Next Day’s request. The trial judge thereafter granted final summary judgment on behalf of Next Day.
As observed in Hoffman v. Bennett, 477 So.2d 43 (Fla. 3d DCA 1985), in proximate cause cases, the court must determine, inter alia, (1) causation in fact, i.e., whether the defendant’s conduct was a substantial factor in producing the result, and (2) whether the defendant’s responsibility is superseded by an abnormal intervening force. These determinations are to be made as a matter of law where reasonable people could not differ. In Hoffman, the plaintiff sustained injuries when a church employee threw a harmful chemical in her face. She brought an action against a building contractor, who had left the chemical on premises. We affirmed the summary judgment in contractor’s favor, concluding that contractor could not be held liable as the actions of the church employee constituted the superseding cause of the harm.
In Barnes v. Gulf Power Co., 517 So.2d 717, 718 (Fla. 1st DCA 1987), the court observed that while normally causation is a jury question, when reasonable people could not differ, the issue is one of law for the court. The plaintiffs in Barnes were telephone repairmen who claimed they were forced to complete a job after dark due to power company’s delay in repairing electrical lines. The repairmen were attacked by unknown assailants at the job-site. The First District concluded that the power company’s conduct could not be considered a substantial factor in bringing about harm suffered, and the court affirmed the summary judgment that had been ordered in the power company’s favor. See Banat v. Armando, 430 So.2d 503 (Fla. 3d DCA 1983)(negligence of truck owner in leaving hydraulic lift in rear of truck down while truck was being operated in traffic, though furnishing an occasion for injury to passenger in front seat of small car when hydraulic lift tore through windshield as car crashed into rear of truck when car’s brakes failed, was not a proximate cause of injury); Salinetro v. Nystrom, 341 So.2d 1059, 1061 (Fla. 3d DCA 1977) (directed verdict in favor of defendant proper where it is not shown that the injury suffered by plaintiff was caused by the alleged wrongful act or omission to act by the defendant).
*191 As the trial court concluded, no act or omission by Next Day could be considered a substantial factor in bringing about the harm suffered by customer Gehr. Thus, summary judgment was properly entered in the cargo company’s favor. As every first year law student is instructed, “Proof of negligence in the air, so to speak, will not do.” Palsgraf v. Long Island R.R. Co., 248 N.Y. 339, 162 N.E. 99, 99(1928) (opinion per Chief Judge Cardozo, quoting Sir Frederick Pollock).
Accordingly, the order under review is affirmed.