898 So.2d 1004 (2005)
Lorenzo King SIMS and Transoil, Inc., Appellants,
v.
Michael James CRISTINZIO, Keith Cristinzio, and Carol Cristinzio, Blair Timothy Miller, and Richard Fortner, Jr., Appellees.
Richard Fortner, Jr., Cross-Appellant,
v.
Michael James Cristinzio, Keith Cristinzio, and Carol Cristinzio, Cross-Appellees.
Nos. 2D02-5305, 2D03-2840.
District Court of Appeal of Florida, Second District.
March 9, 2005.
*1005 Scot E. Samis and John D. Kiernan of Abbey, Adams, Byelick, Kiernan, Mueller & Lancaster, L.L.P., St. Petersburg, for Appellants Sims and Transoil, Inc.
Pamela J. Mills of O'Malley & Mills, P.A., Spring Hill, for Appellee Michael James Cristinzio.
Theresa I. Wigginton of Law Office of Theresa Wigginton, Brandon, for Appellees Keith Cristinzio and Carol Cristinzio.
Maria C. Collins Guyton and Gregory D. Jones of Rywant, Alvarez, Jones, Russo & Guyton, P.A., Tampa, for Appellee Richard Fortner, Jr.
No appearance for Appellee Blair Miller.
KELLY, Judge.
Lorenzo Sims and Transoil, Inc., defendants in the trial court, appeal the denial of their motion for a new trial in this personal injury action arising from a multi-vehicle accident. In their motion, they challenged the directed verdict on the issue of liability entered in favor of a codefendant, Richard Fortner, and the directed verdict entered in favor of the Cristinzios, the plaintiffs in the trial court, which removed Nora Curtis, a Fabre[1] defendant, from the verdict form. Fortner, in turn, has appealed the trial court's order denying his motion for attorney's fees and costs. Because there was evidence from which a jury could have concluded that Fortner and Curtis were negligent, we reverse and remand for a new trial. We affirm the trial court's denial of Fortner's motion for attorney's fees and costs.
A motion for directed verdict should be granted only where no view of the evidence, or inferences made therefrom, could support a verdict for the nonmoving party. Williamson v. Superior Ins. Co., 746 So.2d 483, 485 (Fla. 2d DCA 1999); Goolsby v. Qazi, 847 So.2d 1001, 1002 (Fla. 5th DCA 2003). In considering a motion for directed verdict, the court must evaluate the testimony in the light most favorable to the nonmoving party and every reasonable inference deduced from the evidence must be indulged in favor of the nonmoving party. Azar v. Richardson Greenshields Sec., Inc., 528 So.2d 1266, 1269 (Fla. 2d DCA 1988); Marriott Int'l, Inc. v. Perez-Melendez, 855 So.2d 624, 628 (Fla. 5th DCA 2003); Reams v. Vaughn, 435 So.2d 879, 880 (Fla. 5th DCA 1983). If there are conflicts in the evidence or different reasonable inferences that may be drawn from the evidence, the issue is factual and should be submitted to the jury. *1006 Marriott Int'l, 855 So.2d at 628. The standard of review on appeal of the trial court's ruling on a defendant's motion for directed verdict is the same test used by the trial court in ruling on the motion. Nunez v. Lee County, 777 So.2d 1016, 1016 (Fla. 2d DCA 2000); Reams, 435 So.2d at 880. Thus, while the facts relating to the alleged negligence of Fortner and Curtis are in dispute, for the purposes of reviewing the propriety of the directed verdicts in this case, we have resolved those conflicts in favor of Sims and Transoil.
The evidence at trial established that before the accident, Fortner was traveling west on State Road 54, a two-lane highway. Fortner was driving a pick-up truck with an attached trailer stacked with wooden pallets. Fortner became concerned that the pallets were going to fall because they appeared to be leaning and abruptly pulled his truck onto the shoulder of the road to secure them. There was evidence that Fortner did not signal or brake before pulling over and that a portion of the trailer remained in the highway after Fortner pulled onto the shoulder.
Nora Curtis was in the car behind Fortner. As Fortner pulled off the road, Curtis stopped suddenly to avoid hitting the portion of the trailer that remained in the road. Sims was traveling behind Curtis, driving a rock hauler for his employer, Transoil. Sims, seeing Curtis stopped in front of him, realized he could not stop before hitting her so he veered his truck across the lane of oncoming traffic and onto the shoulder on the left side of the road. As this was happening, the Cristinzios were approaching from the opposite direction. Sims collided with the Cristinzios' truck on the left shoulder of the highway. After Sims veered to the left, the driver behind him, Blair Miller, saw Curtis's car but was unable to stop resulting in Miller hitting the rear of Curtis's car. Miller stated that he thought there was enough room for Curtis to have continued westbound without hitting the trailer. The Cristinzios testified that they believed a few cars went around the trailer and continued west, although some may have stopped before proceeding.
Fortner moved for a directed verdict contending that there was no evidence that his conduct was the proximate cause of the collision between Sims and the Cristinzios. The trial court concluded that even viewing the facts in the light most favorable to the Cristinzios, Sims' actions were the sole cause of the accident. We disagree.
The facts in this case are analogous to those in Cho v. Mackey, 567 So.2d 1064 (Fla. 2d DCA 1990). There, defendant Haire, while trying to cross a divided highway, stopped in the median and left the back of her car protruding into Cho's lane. Cho saw Haire blocking the lane, slowed, and prepared to stop. Cho was then rear-ended by Mackey. Cho sued Mackey and Haire, and a jury trial was held. At the conclusion of the evidence, the trial court directed a verdict in favor of Haire reasoning that Mackey's negligence in rear-ending Cho was a superseding, intervening force that caused the accident, thereby relieving Haire from liability for her negligence, if any. This court reversed, noting that "[o]ne who establishes a remote condition which furnishes only the occasion for another's supervening negligence is not deemed to be a proximate cause of the resulting accident unless the intervening cause was foreseeable." Id. at 1065. This court concluded that because rear-end collisions are a common occurrence where cars ahead have reason to decrease their speed, it was for the jury to decide whether it was foreseeable that Haire's act of allowing her car to protrude into Cho's lane could cause the resulting accident. Id. Likewise, in this case, we conclude that it was for the jury to decide whether Fortner's *1007 actions were negligent and, if so, whether they were a proximate cause of the accident.
The propriety of removing Curtis from the verdict form as a Fabre defendant presents a closer question. The trial court found that Curtis's act of stopping behind Fortner's trailer was not negligent as a matter of law. Relying on Pierce v. Progressive American Insurance Co., 582 So.2d 712 (Fla. 5th DCA 1991), the trial court based its ruling on the legal presumption that a following driver, in this case Sims, in a rear-end collision is presumed negligent unless evidence is presented that the lead driver made a sudden stop at a time and place not reasonably expected. The trial court concluded that Sims had failed to overcome the presumption of his own negligence and therefore Curtis was not negligent as a matter of law.
The flaw in this reasoning is aptly described by Judge Griffin in Jefferies v. Amery Leasing, Inc., 698 So.2d 368, 370-71 (Fla. 5th DCA 1997):
To say a following driver does not overcome the presumption of his own negligence where he cannot show he had no reason to anticipate an abrupt stop by the lead driver is not exactly the same as concluding that the lead driver could not be negligent for having stopped abruptly in a place and at a time when any following driver is expected to anticipate such a stop and to avoid a collision, but it is very close....
....
... There is no logic in blindly applying the rear-end collision rule to determine the rear driver automatically to be the sole source of negligence in all rear-end collisions. If it is sufficiently demonstrated that the lead driver was negligent as well, the jury should pass upon the question of shared liability and apportionment of damages.
Accordingly, even if Sims were presumed to be negligent under Pierce, a contention we do not address,[2] that would not preclude Curtis from being found negligent as well if there were facts from which a jury could draw that conclusion. Although there was testimony at trial that Curtis was forced to stop because Fortner's trailer was blocking Curtis's lane, and she did so gradually, there was also testimony that the trailer was not blocking her lane, that she had room to pass the trailer without stopping, and that other cars had done so before she suddenly stopped. We conclude that this conflicting evidence created a jury question regarding whether Curtis was negligent and whether that negligence contributed to the accident. Accordingly, it was error for the trial court to remove Curtis from the verdict form as a Fabre defendant.
Our disposition of the appeal by Sims and Transoil renders Fortner's appeal of the trial court's order denying his motion for attorney's fees and costs moot. Accordingly, we affirm that order.
Reversed in part, affirmed in part, and remanded for a new trial.
CANADY and WALLACE, JJ., Concur.
NOTES
[1] See Fabre v. Marin, 623 So.2d 1182 (Fla.1993), receded from on other grounds, Wells v. Tallahassee Memorial Regional Medical Center, Inc., 659 So.2d 249 (Fla.1995), holding that Fabre defendants are nonparties that are alleged by a party defendant to be solely or partially negligent and should be placed on the verdict form so that there can be apportionment of fault against them for noneconomic damages pursuant to section 768.81(3), Florida Statutes (1995).
[2] The Cristinzios and Sims, as well as the trial court, have assumed that this aspect of the case is controlled by Pierce. We are not convinced Pierce is applicable given the fact that there was no rear-end collision between Sims and Curtis. Even if the Pierce presumption of negligence does apply to Sims under these facts, it does not exonerate Curtis for the reasons explained above.