DAVIS, Judge.
Hudson International Trading, Inc. (“Hudson”), and Gerard Dabasse, the president of Hudson, appeal the final judgment entered against them following a jury verdict. While we find no merit in the first issue on appeal, we conclude that the trial court erred in entering separate damage awards against Dabasse and Hudson and in holding them jointly and severally liable for the total. Accordingly, we affirm the judgment as to liability but reverse as to damages.
*290 The plaintiff below, Mercedes Reyes, contracted with Hudson to perform repairs on her home. When she became disenchanted with Hudson’s work, she filed a nine-count complaint against both Hudson and Dabasse for damages she claimed she suffered. Based on her discovery that Da-basse was not a licensed contractor, Reyes alleged counts of actual fraud, negligent misrepresentation, negligence, and constructive fraud against both defendants.[1] Dabasse and Hudson responded by filing two affirmative defenses, one of which was that Reyes had demonstrated unclean hands by fraudulently misrepresenting herself as a general contractor on the application for a building permit from Collier County.[2]
The case proceeded to jury trial on the counts of fraudulent misrepresentation and negligent misrepresentation against Da-basse and Hudson and on the affirmative defenses of unclean hands and illegality of contract. Finding Dabasse individually liable on the theory of fraudulent misrepresentation and finding Hudson vicariously liable for the same misconduct, the jury awarded damages of $80,000 against each of the named defendants. The trial court entered final judgment finding the two defendants jointly and severally liable for $160,000 plus costs. It is that final judgment that Dabasse and Hudson challenge.
They argue first that the trial court erred in denying their motion for a directed verdict based on Reyes’ unclean hands. They contend that Reyes’ testimony in which she admitted that she had executed the application form misrepresenting herself as a general contractor entitled them to a directed verdict. “A motion for directed verdict should be granted only where no view of the evidence, or inferences made therefrom, could support a verdict for the nonmoving party.” Sims v. Cristinzio, 898 So.2d 1004, 1005 (Fla. 2d DCA 2005). While it is true that Reyes testified that Dabasse took her to the permitting office and that she signed the papers at his instruction, she also said that he had told her that she had to sign the papers so he could get the permit. She complained that due to her limited ability to speak and read English, she did not always understand what she was signing. Because this testimony created a factual question as to whether Reyes fraudulently misrepresented herself as a general contractor, there was clearly a view of the evidence that could support a verdict in her favor. Accordingly, the trial court correctly denied the motion for a directed verdict and allowed this issue to go to the jury.
However, the second issue, whether the trial court erred in entering a final judgment holding Dabasse and Hudson jointly and severally liable for $160,000, is more problematic. Reyes presented the testimony of an expert witness who opined that the cost of the repairs would be approximately $80,000 as of the date of trial. While the jury apparently accepted this testimony, the jury’s verdict awarded $80,000 in damages against Dabasse and $80,000 in damages against Hudson, for a total damages award of $160,000. In entering judgment on the verdict, the trial court made that liability joint and several. This was error.
*291 We note first that although the verdict form does not specifically state that Hudson was found hable on a theory of vicarious liability, it is clear that the jury’s verdict against Hudson was based on vicarious liability since the jury was given a vicarious liability instruction and there was no objection made to that instruction. Vicarious liability, however, is derivative of the liability of the active tortfeasor; it is not based on a separate breach of duty to the plaintiff by the vicariously liable party.
Thus, the vicariously liable party is liable for the entire share of the fault assigned to the active tortfeasor. The vicariously liable party has not breached any duty to the plaintiff; its liability is based solely on the legal imputation of responsibility for another party’s tor-tious acts. The vicariously liable party is liable only for the amount of liability apportioned to the tortfeasor.
Am. Home Assurance Co. v. Nat’l R.R. Passenger Corp., 908 So.2d 459, 467-68 (Fla.2005) (citations omitted). In the instant case, because Hudson was vicariously liable for the acts of Dabasse, the active tortfeasor, Hudson can only be liable for the amount of liability that was apportioned to Dabasse, or $80,000. Consequently, it was error to find Hudson vicariously liable for an additional $80,000 in damages.
Although Reyes attempts to save the verdict by suggesting that pursuant to section 768.0425, Florida Statutes (2005), the trial court has the authority to award up to three times the actual compensatory damages proven, that statutory section was never mentioned in the pleadings or at trial, nor was reference made to such an award in the final judgment. That section, therefore, affords Reyes no relief, and we must reverse the $80,000 jury verdict entered against Hudson.
Having concluded that the trial court erred in doubling the award of damages, we reverse the award and instruct that upon remand, the amended judgment reflect joint and several liability against Da-basse and Hudson for $80,000 plus costs and interest.
Affirmed in part, reversed in part, and remanded with instructions.
CASANUEVA and VILLANTI, JJ„ Concur.

. Breach of contract was not alleged and would, we suspect, have been unavailing pursuant to section 489.128, Florida Statutes (2003), which makes contracts with unlicensed contractors unenforceable.

. Because it was not argued by the parties, we do not address either the merit or the validity of unclean hands as an affirmative defense in this case.