NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


CINDY EVERS, as Personal )
Representative of the Estate of )
JACQUELINE LOYD, )
)
       Appellant/ )
       Cross-Appellee, )
)
v. )      Case No.   2D13-2553
)
R.J. REYNOLDS TOBACCO )
COMPANY, )
)
       Appellee/ )
       Cross-Appellant. )
_____)

Opinion filed November 6, 2015.

Appeal from the Circuit Court for
Hillsborough County; Bernard C. Silver,
Judge.

Steven L. Brannock, Celene H.
Humphries, Ceci Culpepper Berman,
and Tyler K. Pitchford of Brannock &
Humphries, Tampa; Hendrik Uiterwyk
and Brent R. Bigger of Abrahamson &
Uiterwyk, Tampa; and Michael J.
Trentalange of Trentalange & Kelley,
P.A., Tampa, for Appellant/Cross-
Appellee.

Troy A. Fuhrman and Marie A. Borland
of Hill, Ward & Henderson, P.A.,
Tampa; Elliot H. Scherker, Julissa
Rodriguez, and Brigid F. Cech Samole

of Greenberg Traurig, P.A., Miami; and
Gregory G. Katsas and Edward M.
Wenger of Jones Day, Washington,
D.C., for Appellee/Cross-Appellant.


KELLY, Judge.

This lawsuit originated as part of a class action against the appellees, R.J. Reynolds Tobacco Company and Lorillard Tobacco Company,[1] and other tobacco companies seeking damages for diseases caused by smoking cigarettes. The class consisted of all Florida residents who have suffered or have died from diseases and medical conditions caused by their addiction to cigarettes. Engle v. Liggett Grp., Inc., 945 So. 2d 1246, 1256 (Fla. 2006). In Engle, the Florida Supreme Court held that individual class members could file separate, individual actions, and that the findings reached by the Engle jury in Phase I of the trial concerning the defendants' misconduct would have a res judicata effect in subsequent individual trials by class members. Id. at 1269.

In this "Engle progeny" case, Cindy Evers, as personal representative of her mother's, Jacqueline Loyd's, estate, challenges the trial court's order that granted the tobacco companies' motion for directed verdict on claims for fraud by concealment and conspiracy to commit fraud by concealment and seeks reinstatement of the punitive damages awarded in connection with those claims. R.J. Reynolds has cross-appealed, challenging the order denying its motion for a new trial. We conclude the trial court

---

[1]As a result of a corporate merger, R.J. Reynolds Tobacco Company became the successor-by-merger to Lorillard Tobacco Company, and Lorillard Tobacco Company ceased to exist as a corporate entity.

erred in directing a verdict in favor of the tobacco companies where there was circumstantial evidence from which the jury could have concluded that Ms. Loyd relied on the tobacco companies' misleading advertising campaigns. We find no merit in the various points raised on cross-appeal and affirm the trial court's rulings on those issues without further comment.

In her lawsuit, Ms. Evers alleged claims for strict liability, negligence, fraudulent concealment, and conspiracy to fraudulently conceal. Posttrial, the trial court directed a verdict on Ms. Evers' fraud and conspiracy claims, concluding that Ms. Evers had "failed to introduce any evidence that Ms. Loyd saw, heard or read any statement that omitted material information or that she relied on such a statement when she chose to begin smoking or to continue smoking." In granting the motion, the trial court declined to follow R.J. Reynolds Tobacco Co. v. Martin, 53 So. 3d 1060 (Fla. 1st DCA 2010), which held that a jury could infer reliance based on what the First District described as evidence of "pervasive" cigarette advertising and "the false controversy created by the tobacco industry" about the health risks of smoking. Id. at 1069. Instead, the court accepted the tobacco companies' argument that this court's decision in Humana, Inc. v. Castillo, 728 So. 2d 261 (Fla. 2d DCA 1999), stood for the proposition that reliance cannot be inferred from circumstantial evidence.

During the pendency of this appeal, this court issued its decision in Philip Morris USA, Inc. v. Hallgren, 124 So. 3d 350 (Fla. 2d DCA 2013), in which we cited with approval the holding in Martin that the element of reliance may be inferred from "pervasive and misleading advertising campaigns perpetuated by the Tobacco Companies." Id. at 353. In light of Hallgren, R.J. Reynolds has abandoned its reliance

- 3 -

on <u>Humana</u> and instead contends that notwithstanding <u>Hallgren</u> we can affirm the directed verdict because there was evidence Ms. Loyd was aware of the health risks that the tobacco companies had concealed and therefore she could not have relied on the misleading advertising.

A party seeking a directed verdict bears a heavy burden.

> A motion for directed verdict should be granted only where no view of the evidence, or inferences made therefrom, could support a verdict for the nonmoving party. In considering a motion for directed verdict, the court must evaluate the testimony in the light most favorable to the nonmoving party and every reasonable inference deduced from the evidence must be indulged in favor of the nonmoving party. If there are conflicts in the evidence or different reasonable inferences that may be drawn from the evidence, the issue is factual and should be submitted to the jury.

<u>Sims v. Cristinzio</u>, 898 So. 2d 1004, 1005 (Fla. 2d DCA 2005) (citations omitted). R.J. Reynolds has not persuaded us that the evidence in this record meets that standard. Among the other weaknesses in this argument, the tobacco company has pointed to no evidence that Ms. Loyd was aware that the nicotine in cigarettes was addictive, nor has it conclusively demonstrated that despite some awareness on Ms. Loyd's part that smoking could cause health problems, that she was not reassured by the controversy the tobacco companies generated to keep people smoking. Accordingly, we reverse the directed verdict on Ms. Evers' fraud by concealment and conspiracy to commit fraud by concealment claims. Because we are reinstating the jury's verdict on these two claims we likewise reinstate the punitive damages award attendant to those claims.[2]

---

[2]R.J. Reynolds has invited us to determine certain issues with respect to the punitive damage award. Those issues, however, were never before the trial court

- 4 -

Reversed and remanded.


NORTHCUTT and CASANUEVA, JJ., Concur.

---

because it set the award aside in light of the directed verdicts on the fraud and conspiracy claims.  We decline to reach those issues without giving the trial court an opportunity to do so first.