NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BEST DRYWALL SERVICES, INC., and )
WILLIAM R. SMITH, )
                     )
          Appellants, )
                     )
v.                      )   Case No. 2D15-2103
                     )
GARY BLASZCZYK and DONNA )
BLASZCZYK, )
                     )
          Appellees. )
_____ )

Opinion filed October 26, 2016.

Appeal from the Circuit Court for Collier
County; James R. Shenko, Judge.

Charles Paul-Thomas Phoenix of Rhodes
Tucker, Sanibel, for Appellants.

Mark B. Cohn of The Boatman Law Firm,
P.A., Naples, for Appellees.

WARD, SAMANTHA L., Associate Judge.

        Best Drywall Services, Inc., appeals the final judgment awarding it

$18,000 on its breach of contract claim against Gary and Donna Blaszczyk following a

jury trial and granting the Blaszczyks' motion for directed verdict on count one. Because

Best presented sufficient evidence to support a verdict in its favor on count one, we

reverse the trial court's ruling on the motion for directed verdict but affirm the final judgment in all other respects.

This case arises from an oral agreement between the parties for the complete renovation of the Blaszczyks' condo in Naples, which the parties agree included air conditioning, electrical, and plumbing work. Best alleged that the value of the work totaled $321,600.31 and that the Blaszczyks failed to pay the final two invoices totaling $61,600.31. Best recorded a claim of lien in Collier County on January 5, 2011, and alleged that the last day it provided labor and services to the Blaszczyks was on October 7, 2010, exactly ninety days prior. See § 713.08(5), Fla. Stat. (2010) (requiring that a claim of lien be recorded no "later than [ninety] days after the final furnishing of the labor or services or materials by the lienor"). In count one of its complaint, Best sought foreclosure on the lien and alleged that it was timely filed. The Blaszczyks admitted that the claim of lien was timely filed in their answer and affirmative defenses.

At trial, Best's president, William Smith, made several different statements during his testimony regarding the ultimate completion date of the renovation; the record reflects that at different points in his testimony, Smith identified September 21, September 28, October 7, October 8, and October 21, 2010, as the date that the renovation was complete. More specifically, Smith testified that the electrician, Bill Prevaria, and the plumbing company, Hamilton Plumbing, were on site doing the final hookups on October 7 and 8, 2010.

After Best rested its case, the Blaszczyks filed a motion for directed verdict on the count seeking foreclosure on the lien, alleging that Smith admitted that the project was complete prior to October 7, 2010, and that Best had offered no evidence to support its allegation that the lien was timely filed under section 713.08(5).

The trial court found that Smith's testimony regarding the September 28, 2010, completion date was a party admission, allowed the Blaszczyks to amend their answer to deny Best's allegation that the claim of lien was timely filed, and granted the motion for directed verdict on that count. This appeal followed.

We review a trial court's ruling on a motion for directed verdict de novo. Jackson Hewitt, Inc. v. Kaman, 100 So. 3d 19, 27 (Fla. 2d DCA 2011). "A motion for directed verdict should be granted only where no view of the evidence, or inferences made therefrom, could support a verdict for the nonmoving party." Id. (quoting Sims v. Cristinzio, 898 So. 2d 1004, 1005 (Fla. 2d DCA 2005)). Although Smith testified that the work was completed on several dates outside the ninety-day filing window of section 713.08(5), he also testified that the work was completed on several dates within the ninety-day filing window. "If there are conflicts in the evidence or different reasonable inferences that may be drawn from the evidence, the issue is factual and should be submitted to the jury." Sims, 898 So. 2d at 1005 (citing Marriott Int'l, Inc. v. Perez-Melendez, 855 So. 2d 624, 628 (Fla. 5th DCA 2003)). Smith's testimony regarding the presence of the electrician and plumber providing the final hookups was sufficient to create an issue for the trier of fact as to the timeliness of Best's claim of lien. See Sam Rodgers Props., Inc. v. Chmura, 61 So. 3d 432, 438 (Fla. 2d DCA 2011) ("The test for whether work constitutes a 'final furnishing' is whether the work was done in good faith, within a reasonable time, pursuant to the terms of the contract, and whether it was

necessary to a finished job.").[1]  Accordingly, we reverse that portion of the final

judgment and remand for a new trial on count one, Best's claim of lien. [2]

Affirmed in part, reversed in part, and remanded.


VILLANTI, C.J., Concurs.
KELLY, J., Concurs in part and dissents in part.



KELLY, Judge, Concurring in part; dissenting in part.

I agree that it was error for the trial court to direct verdict on the lien count;

however, I would still affirm.  Best has appealed a judgment in its favor that it does not

want us to reverse.  While the majority has returned this case to the trial court to have

the lien claim retried, Best never asked this court for that remedy.  It asked this court to

reverse the directed verdict, period.  At oral argument, Best's counsel explained that

---

[1]On appeal the parties framed their directed verdict arguments as though the lien issue was to be submitted to the jury.  Best asked the trial court, via a motion to bifurcate, to decide the lien count rather than send that claim to the jury.  The court denied the request to bifurcate but agreed to decide the lien count.  While the record is not complete as to all of the details of this arrangement, it is evident that the trial court believed that it was to decide the claim of lien count and that Best agreed with that decision.  The directed verdict was error because the trial court weighed the evidence and made credibility determinations.  A motion for involuntary dismissal in a case tried to a judge "is in the nature of a motion for directed verdict." Alpha Elec. Supply, Inc., v. Jewel Builders, Inc., 349 So. 2d 699, 700 (Fla. 4th DCA 1977).  "If sufficient evidence has been adduced, though conflicting, which, when considered in the light most favorable to the non-moving party would establish a prima facie case in favor of that party, then the motion should not be granted.  A trial judge may not weigh evidence when ruling on such a motion." Id.  Thus, the fact the lien claim was ultimately to be decided by the judge makes no difference when considering the propriety of the trial court's ruling.

[2]Because our decision on this issue is dispositive, we decline to address the remaining arguments on appeal.

Best had no quarrel with the final judgment, which awarded it damages under a breach of contract theory, but simply wanted the directed verdict reversed. Best admitted that the point of the appeal was to allow it to go back and seek attorney's fees under the lien statute. See § 713.29, Fla. Stat. (2010). The problem with this argument is it overlooks that Best has to prevail on its claim before that right accrues.

The majority has generously read into Best's arguments a request for a new trial on the lien claim. I do not agree we may do that for Best. Best's posttrial motions demonstrate it knows how to ask for a new trial, yet it has not done so in its briefs or at oral argument. Finally, even if I thought it was proper to help Best with its argument in that regard, I am not convinced Best was harmed by the directed verdict, at least in a way that supports a reversal. According to Best's attorney, it is satisfied with the damages awarded by the jury. At oral argument, the issue of its ability to seek fees was revealed to be harm it sought to remedy. But, as explained above, it will not have the right to seek fees even if we reverse because it has not yet and may never prevail on the claim of lien count. I am not convinced the speculative ability to seek fees in the future is a proper basis to reverse.