WARD, SAMANTHA L„ Associate Judge.
Best Drywall Services, Inc., appeals the final judgment awarding it $18,000 on its breach of contract claim against Gary and Donna Blaszczyk following a jury trial and granting the Blaszczyks’ motion for directed verdict on count one. Because Best presented sufficient evidence to support a verdict in its favor on count one, we reverse the trial court’s ruling on the motion for directed verdict but affirm the final judgment in all other respects.
This case arises from an oral agreement between the parties for the complete renovation of the Blaszczyks’ condo in Naples, which the parties agree included air conditioning, electrical, and plumbing work. Best alleged that the value of the work totaled $321,600.31 and that the Blaszczyks failed to pay the final two invoices totaling $61,600.31. Best recorded a claim of lien in Collier County on January 5, 2011, and alleged that the last day it provided labor *273 and services to the Blaszczyks was on October 7, 2010, exactly ninety days prior. See § 713.08(5), Fla. Stat. (2010) (requiring that a claim of lien be recorded no “later than [ninety] days after the final furnishing of the labor or services or materials by the lienor”). In count one of its complaint, Best sought foreclosure on the lien and alleged that it was timely filed. The Blaszczyks admitted that the claim of lien was timely filed in their answer and affirmative defenses.
At trial, Best’s president, William Smith, made several different statements during his testimony regarding the ultimate completion date of the renovation; the record reflects that at different points in his testimony, Smith identified September 21, September 28, October 7, October 8, and October 21, 2010, as the date that the renovation was complete. More specifically, Smith testified that the electrician, Bill Prevaria, and the plumbing company, Hamilton Plumbing, were on site doing the final hookups on October 7 and 8, 2010.
After Best rested its case, the Blaszczyks filed a motion for directed verdict on the count seeking foreclosure on the lien, alleging that Smith admitted that the project was complete prior to October 7, 2010, and that Best had offered no evidence to support its allegation that the lien was timely filed under section 713.08(5). The trial court found that Smith’s testimony regarding the September 28, 2010, completion date was a party admission, allowed the Blaszczyks to amend their answer to deny Best’s allegation that the claim of lien was timely filed, and granted the motion for directed verdict on that count. This appeal followed.
We review a trial court’s ruling on a motion for directed verdict de novo. Jackson Hewitt, Inc. v. Kaman, 100 So.3d 19, 27 (Fla. 2d DCA 2011). “A motion for directed verdict should be granted only where no view of the evidence, or inferences made therefrom, could support a verdict for the nonmoving party.” Id. (quoting Sims v. Cristinzio, 898 So.2d 1004, 1005 (Fla. 2d DCA 2005)). Although Smith testified that the work was completed on several dates outside the ninety-day filing window of section 713.08(5), he also testified that the work was completed on several dates within the ninety-day filing window. “If there are conflicts in the evidence or different reasonable inferences that may be drawn from the evidence, the issue is factual and should be submitted to the jury.” Sims, 898 So.2d at 1005 (citing Marriott Int’l, Inc. v. Perez-Melendez, 855 So.2d 624, 628 (Fla. 5th DCA 2003)). Smith’s testimony regarding the presence of the electrician and plumber providing the final hookups was sufficient to create an issue for the trier of fact as to the timeliness of Best’s claim of lien. See Sam Rodgers Props., Inc. v. Chmura, 61 So.3d 432, 438 (Fla. 2d DCA 2011) (“The test for whether work constitutes a ‘final furnishing’ is whether the work was done in good faith, within a reasonable time, pursuant to the terms of the contract, and whether it was necessary to a finished job.”).[1] Ae- *274 cordingly, we reverse that portion of the final judgment and remand for a new trial on count one, Best’s claim of lien.[2]
Affirmed in part, reversed in part, and remanded.
VILLANTI, C.J., Concurs.
KELLY, J., Concurs in part and dissents in part.

. On appeal the parties framed their directed verdict arguments as though the lien issue was to be submitted to the jury. Best asked the trial court, via a motion to bifurcate, to decide the lien count rather than send that claim to the jury. The court denied the request to bifurcate but agreed to decide the lien count. While the record is not complete as to all of the details of this arrangement, it is evident that the trial court believed that it was to decide the claim of lien count and that Best agreed with that decision. The directed verdict was error because the trial court weighed the evidence and made credibility determinations. A motion for involuntary dismissal in a case tried to a judge "is in the nature of a motion for directed verdict.” Alpha Elec. Supply, Inc., v. Jewel Builders, Inc., *274 349 So.2d 699, 700 (Fla. 4th DCA 1977). "If sufficient evidence has been adduced, though conflicting, which, when considered in the light most favorable to the non-moving party would establish a prima facie case in favor of that party, then the motion should not be granted. A trial judge may not weigh evidence when ruling on such a motion.” Id. Thus, the fact the lien claim was ultimately to be decided by the judge makes no difference when considering the propriety of the trial court’s ruling.

. Because our decision on this issue is dispos-itive, we decline to address the remaining arguments on appeal.